STATE *v.* VIEGEL.

(No. 9968—Decided December 29, 1965.

Court of Common Pleas of Tuscarawas County.

*Mr. Harlan R. Spies*, prosecuting attorney, and *Mr. James R. Thomas,* assistant prosecuting attorney, for plaintiff.
*Mr. James R. Barnhouse* and *Mr. C. P. Hoffman,* for defendant.

LAMNECK, J.   On February 23, 1965, the defendant, Elmer Larry Veigel, pleaded guilty in this court to an indictment charging him with larceny by trick under Section 2907.21, Revised Code.

On the same date, the court ordered a pre-sentence investigation.   In accordance with this order, an exhaustive written pre-sentence investigation report was filed herein by the Probation Department of this court.

Thereafter on April 16, 1965, the court sentenced the defendant to be imprisoned in the Mansfield Reformatory for a period of from one to seven years.

On June 29, 1965, the defendant filed a motion for reconsideration which was overruled on August 24, 1965.

The defendant was conveyed to the Mansfield Reformatory on September 1, 1965.

On October 30, 1965, the defendant filed a motion to suspend further execution of sentence and place the defendant on probation under authority of Section 2947.061, Revised Code, effective October 30, 1965.

This motion was overruled by the court on December 8, 1965, for the reason that no evidence was offered in support of said motion when it was heard by the court.

On December 13, 1965, the defendant filed a motion for rehearing on the court's order of December 8, 1965.

Section 2947.061, Revised Code, reads as follows:

"Subject to Sections 2951.03 to 2951.09, inclusive, Revised Code, the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during

the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.''

The question arises as to what the court should take into consideration when a motion is filed to suspend further execution of sentence under the provisions of Section 2947.061, Revised Code.

The discretionary power of a trial court at the term at which judgment and sentence are entered, to revise its judgment is well established. Such power is necessary for the protection of the defendant as well as the public. (See 10 Ohio Jurisprudence 2d 729 at page 103.) Prior to the enactment of Section 2947.061, Revised Code, a court which has accepted a plea of guilty and sentenced a defendant had no jurisdiction to disturb the judgment at a subsequent term either by setting it aside or by suspending its execution. *In re Silverman*, 69 Ohio App. 128, 42 N. E. 2d 87. It has also been held that after a valid sentence has been put into execution, the trial court cannot amend or modify it either in or after the term of court at which the sentence was pronounced unless there is specific statutory authority to do so. (21 American Jurisprudence 2d 538, Section 570.)

Under Section 2947.061, Revised Code, a court is now authorized to suspend further execution of sentence after term and place a defendant on probation if a motion is filed therefor in the trial court not earlier than thirty days nor later than sixty days after a defendant has been delivered to a penal institution.

In making such a determination at a hearing on such a motion, the defendant's good conduct in the penal institution after his incarceration is not of primary concern to the court. Prior to the enactment of Section 2947.061, Revised Code, it was held that a trial court had no jurisdiction to reduce a sentence pronounced in conformity to law, even though it might appear that the prisoner had been rehabilitated, had overcome his bad habits and had been sufficiently punished. (See 16 Ohio Jurisprudence 2d 731 at page 104.)

Whether or not the defendant has been a model prisoner

and co-operated with prison officials in his education and rehabilitation are facts to be considered by parole authorities after the defendant has become eligible for parole.

The court should not modify its original sentence on such a motion unless it can be shown that the court acted under a misapprehension of the facts in passing sentence.

Where a court in passing sentence acts under a misapprehension of facts by reason of mistake, fraud, or for other material omissions then the opportunity to exercise a sound judicial discretion may have been denied and a court in the exercise of a sound discretion and in the furtherance of justice may suspend further execution of sentence after incarceration and place a defendant on probation under the provisions of Section 2947.061, Revised Code. (See *Antonio* v. *Milliken*, 9 Ohio App. 357.)

In this case it has not been shown nor has it been intimated that the court did not consider all the material facts in this case or that it was under a misapprehension of the facts at the time the original sentence was pronounced. It will therefore be ordered that the motion for reconsideration be denied.

*Motion for reconsideration denied.*