THE STATE OF OHIO, APPELLANT, v. ALLISON, APPELLEE.

[Cite as State v. Allison, 14 Ohio App. 2d 55.]

(No. 927—Decided April 24, 1968.)

*Mr. Donald D. Simmons,* prosecuting attorney, for appellant.

SMITH, P. J. This is a special proceeding brought by the prosecutor of Wood County pursuant to Sections 2945.67 to 2945.70, inclusive, Revised Code, pertaining to an order of the Common Pleas Court granting the motion of the defendant, Lucius Allison, Jr., suspending further execution of sentence theretofore pronounced and placing defendant on probation, such motion having been filed by virtue of Section 2947.061, Revised Code.

The record reveals that on January 12, 1967, the defendant was sentenced for forgery to the Ohio State Penitentiary for a term of not less than one year nor more than twenty years for violation of Section 2913.01, Revised

Code. The judgment was appealed to this court and affirmed by order filed on April 20, 1967, in cause No. 915 on the docket of this court.

Thereafter, on February 24, 1967, defendant's attorney filed a motion pursuant to Section 2947.061, Revised Code, as provided therein "not earlier than thirty days nor later than sixty days" after the defendant has been sentenced, to suspend further execution of the sentence and place defendant on probation. Section 2947.061, Revised Code, provides as follows:

"Subject to Sections 2951.03 to 2951.09, inclusive, of the Revised Code, the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced."

On June 10, 1967, the Common Pleas Court made an order on the Sheriff of Wood County to arrange with the Warden of the Ohio Penitentiary or the person in charge of the Correctional Institution at Marion, where defendant was confined, to bring defendant before the court for hearing on such motion. Following a hearing on the motion, the court entered an order on August 24, 1967, suspending further execution of sentence and probating the defendant to the Probation Department of Wood County for a term of five years.

The questions posed by the prosecuting attorney's exceptions are: (1) that the order of the Common Pleas Court granting such motion was an abuse of discretion; (2) that the order on the motion was not made within a reasonable time; (3) that the effect of the order on the motion, made after six months from the filing thereof, is to grant determinate sentencing powers to the court and completely usurp the authority now vested in the Ohio Adult Parole Authority.

Research has not disclosed any decision by a court of Ohio decisive of the set of questions posed by the prosecuting attorney's exceptions. Two Common Pleas Courts, in *State* v. *Viegel* (1965), 5 Ohio Misc. 45, and in *State* v. *Head* (1966), 6 Ohio Misc. 157, had this statute before them, and the opinions therein are commented upon by the prosecuting attorney in his brief. Neither case directly bears on the exceptions of the prosecuting attorney nor are such cases helpful or binding on this court in arriving at an opinion of the law required in this case, except the *Head case* on the prosecuting attorney's third question.

The judge in the *Viegel case* arrogated unto himself a construction of the statute as to what the court should take into consideration when a motion is filed pursuant to Section 2947.061, Revised Code. He discussed discretionary power of the trial court to include a determination of the defendant's good conduct in the penal institution after his incarceration which he said is not a primary concern to the court; but said that where the court theretofore passing sentence acts under a misapprehension of facts by reason of mistake, fraud, or other material omissions, then the opportunity to exercise the sound judicial discretion may have been denied and a court in the exercise of sound discretion and in the furtherance of justice may suspend further execution of sentence after incarceration and place a defendant on probation. Such construction is not before this court in this case, but such construction is entirely unacceptable and is rejected by this court for the reason that there is no language in Section 2947.061, Revised Code, justifying or warranting such conclusion.

The judge in the *Head case* noticed the *Viegel case*, politely ascribing to the judge therein a wealth of experience and wisdom, and stated:

"* * * This cannot, however, in this case, be done.

"* * *

"A careful reading of the statute surrounds the release of a prisoner on probation with none of the restrictions placed upon it by Judge Lamneck. Section 2947.061, Revised Code, has been made subject only to Sections 2951.-03 to 2951.09, Revised Code, and again no reading of those

sections requires the court to act under the new section only if there is a misapprehension of the facts.

"* * *

"It is the opinion of this court that *State* v. *Viegel,* 5 Ohio Misc. 45, *supra,* emasculates the statute and that the holding again, in this court's opinion, is not what the Legislature said or intended. Further, the author of this law concurs and adds that one of the intended functions of the law was to relieve in part the burden of parole as well."

As to the first two questions posed by the prosecuting attorney's exceptions, it is clear that the language of Section 2947.061, Revised Code, does not limit or restrict the plenary discretion of the court thereunder to any prescribed time within which to make a ruling on the motion. It was the prerogative of the Legislature, if it so intended, to include such a provision in the enactment.

Coming to consider the third question posed by the prosecuting attorney's exceptions, in the opinion in the *Head case* it is stated that one of the intended functions of the law was to relieve, in part, the burden of the state parole board. It may be concluded that there is no impingement on or usurpation of the authority vested in the Ohio Adult Parole Authority.

*Exceptions overruled.*

BROWN and STRAUB, JJ., concur.