[THE STATE, EX REL.] DALLMAN, SUPT., LEBANON CORRECTIONAL INSTITUTION, *v.* COURT OF COMMON PLEAS, HARDIN COUNTY.

(No. 6-72-6—Decided September 5, 1972.)

Mr. *William J. Brown,* attorney general, and Mr. *Jeffrey L. McClelland,* for relator.
Mr. *Paul N. McKinley,* for respondent.

GUERNSEY, J. Having been convicted of two felony crimes, one Michael Richardson was sentenced and committed by the respondent court on October 21, 1971. His sentence has not yet expired and he remains in the custody of the relator.

On December 12, 1971, a motion for "shock" probation under the provisions of R. C. 2947.061 was filed on his behalf and thereafter denied by respondent court on January 18, 1972. On or about March 10, 1972, a motion for reconsideration was filed, was thereafter heard, and on April 7, 1972, the court found same to be well taken, suspended further execution of Richardson's sentence and ordered him placed on probation (subject to certain probationary conditions). The court further ordered the sheriff to deliver to the relator Superintendent of the Lebanon Correctional Institution a certified copy of the order of suspension of sentence and probation. Upon presentation of the order the relator refused to release Richardson. A motion to hold relator in contempt was thereafter filed and heard on July 31, 1972.

On or before August 3, 1972, a judge of the respondent court signed a document, purporting to be a journal entry, reciting that the matter was for hearing on "the motion heretofore filed by the defendant [Richardson] herein, requesting the court to order [the relator] * * * to show cause why he should not be punished for contempt for his failure to obey the order of this court previously issued herein on April 3, 1972 [*sic*]," ordering sustained "the

104

motion filed on behalf of said defendant,'' and ordering relator ''upon delivery to him of a certified copy of this order by the Sheriff of Hardin County, Ohio, that said superintendent shall forthwith deliver the defendant herein, Michael Richardson, to said Sheriff of Hardin County for return to Hardin County, all as previously ordered herein.'' This document was delivered by counsel for Richardson to counsel for relator for his approval prior to filing with the Clerk of Courts, but has neither been approved nor filed. We shall refer to it hereafter as the proposed entry.

On August 15, 1972, the relator commenced this original action in prohibition seeking alternative and permanent writs of prohibition to prohibit respondent from filing the proposed entry for entry on its journal, asserting that its order of April 7, 1972, was in excess of its jurisdiction and void and that the order in the proposed entry sought to be prohibited would be in excess of respondent's jurisdiction and void. An alternative writ of prohibition was issued, and pursuant to issues joined by way of a general denial the matter was submitted to the court on evidence of the foregoing facts and upon arguments of counsel.

The underlying issue sought to be reached in this action is the right of a sentencing court to suspend execution of sentence and to admit to ''shock'' probation at a time beyond the ten-day period following a timely hearing of a motion for such probation.

It is suggested that the issue may not be reached here on the grounds that the relator has an adequate remedy at law by way of appeal to test the validity of the entry of April 7th and the proposed entry not yet filed. However, the relator was not a party to the criminal proceedings leading to the entry of April 7th, and was neither specifically found in contempt in the proposed entry nor has he been aggrieved thereby. It does not appear that a remedy by way of appeal has been or will be available to him.

It is then maintained by the respondent that the entry of April 7th presents, insofar as an action in prohibi-

tion is concerned, a *fait accompli*, a completed judicial act with nothing but ministerial acts to follow; that, in any event, the order of April 7th is merely voidable, not void, and not subject to review in a prohibition action. If one accepts the premise that the order is, at worst, merely voidable there is much to be said for the respondent's position. However, relator counters, in effect, that the order is wholly void, that a judicial ruling and not a ministerial act remains to be accomplished on the motion for reconsideration, and that under the law any ruling thereon now or hereafter made suspending execution of sentence and admitting Richardson to probation would likewise be in excess of jurisdiction and void and should be prohibited.

We thus find ourselves in the situation where we must determine whether the order of April 7, 1972, was merely voidable or wholly void in order to determine our own jurisdiction in this prohibition action, that is, whether the relief sought is the prohibition of a judicial act or of a ministerial act.

R. C. 2947.061, as originally enacted in 1965, provided as follows:

"Subject to Sections 2951.03 to 2951.09, inclusive, of the Revised Code, the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced."

In 1968, the Sixth District Court of Appeals held in the case of *State* v. *Allison,* 14 Ohio App. 2d 55, that R. C. 2947.061 does not limit or restrict the plenary discretion of the Common Pleas Court, and a ruling on a motion timely filed under the provisions of such section some six months after the filing thereof is not an abuse of discretion, nor is such ruling made in an unreasonable time, nor does

it impinge on or usurp the authority vested in the Adult Parole Authority.

In apparent reaction to the *Allison* decision, the General Assembly amended R. C. 2947.061, effective November 14, 1969, by adding two paragraphs thereto, the first of which is pertinent and provides:

"The court shall hear any such motion within sixty days after the filing date thereof and shall enter its ruling thereon within ten days thereafter."

With regard to the authority of a trial court to suspend execution of sentence and place a defendant on probation, the Supreme Court held, in *Municipal Court of Toledo* v. *State, ex rel. Platter,* 126 Ohio St. 103:

"3. The trial courts of this state do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute.

"4. Where a court has suspended execution of a sentence without lawful authority so to do, its order of suspension may be treated as a nullity and void and the original sentence carried into execution even after the term in which the order suspending the execution of sentence was made. A court does not lose jurisdiction to enforce a sentence in a criminal case by an unauthorized attempt to suspend it."

In his opinion in that case, at page 110, Judge Day cited with approval 8 Ruling Case Law 253, Section 258, which reads:

"On principle and authority the right of the court to suspend the execution of the sentence after it has been pronounced cannot be sustained, except as incident to a review of the case on a writ of error, or on other well-established legal grounds. After sentence given, the matter within these limits would seem to be wholly within the hands of the executive officers of the law. The sole power is vested in the Governor to grant reprieves, commutations, and pardons after conviction, on such conditions and with such restrictions and limitations as he may think proper. And the action of the court after it had regular-

ly pronounced the punishment provided by law for the offense is clearly obnoxious to the objection that it is an attempted exercise of power not judicial but vested in the executive; and it has been likened to the incorporation into our criminal jurisprudence of the 'ticket of leave system,' without any of its safeguards, leaving the convicted criminal subject to the mere option or caprice of the judge, who may direct the enforcement of the sentence after any lapse of time, however great, or withhold it, to the serious detriment, it may be, of the interests of the public,—a power plainly liable to abuse.''

We conclude that in Ohio the authority for suspension of execution of sentence must not only be specific in terms but must be strictly construed. See, also, *State, ex rel. Gordon,* v. *Zangerle,* County Auditor, 136 Ohio St. 371, and *State* v. *Stewart,* 31 Ohio Misc. 34, 58 O. O. 2d 188.

Looking then to the provisions of R. C. 2947.061, we find that the General Assembly has prescribed by mandatory words (1) that the period of time for filing a motion for ''shock'' probation begins not earlier than thirty days and expires not later than sixty days after the sentenced defendant is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, (2) that the period of time for hearing the motion begins on the date of filing and expires sixty days thereafter, and (3) that the period of time for a ruling thereon (when hearing has been had) begins on the date of hearing and expires ten days thereafter.

In the instant case, it is of course evident that all of these periods of time were complied with as to the filing of the original motion for probation, the hearing thereof, and the ruling thereon denying same, but the respondent claims that the authority existed to reconsider and reverse the ruling after the expiration of the ten-day period on motion for reconsideration filed within the same term of court in which the ruling was made.

Obviously courts have been held to have some general inherent powers to reconsider and reverse judgments and orders when the motion for reconsideration is made with-

in the same term as that in which the judgment or order is rendered. Essentially, however, these general inherent powers are exercised to correct a judgment or order resulting from a prejudicially erroneous conclusion of law or fact or error in procedure. Here, the judgment or order contemplated by statute following a hearing on a motion for "shock" probation involves the unfettered exercise of judicial discretion in determining whether probation shall be granted, such probation being a matter of grace and clemency and not a matter of right. The propriety of the court's conclusion arising from such exercise of discretion is not reviewable, although its right to exercise such discretion would be. *State* v. *Poffenbaugh,* 14 Ohio App. 2d 59, 43 O. O. 2d 191. In this case, where there was first a denial of probation, the motion for reconsideration could not have pertained to the authority of the court to exercise discretion or to prejudicial error in its exercise but could merely be an appeal to the court to exercise it in a different manner by granting probation. In practical, as well as legal, effect the defendant is making a second motion for "shock" probation at a time beyond which such motion may be made.

Moreover, the General Assembly, by the plain intendment of the words of the statute, as well as by the implication arising from its amendment following the decision in *State* v. *Allison, supra* (14 Ohio App. 2d 55), has effectively prescribed that any general power to entertain a motion for reconsideration is overcome by the specific limitations of R. C. 2947.061, limiting a ruling granting "shock" probation to the ten-day period following the hearing of a motion therefor. Such legislative enactment coupled with such legislative intent, and giving due effect to the separation of judicial and executive power, make us conclude that the provisions are mandatory and that "shock" probation may not be granted by a trial court after such ten-day period, either pursuant to motion for reconsideration or otherwise. When the ten-day period expires the trial court loses jurisdiction over the subject matter as well as the person, and any further at-

tempt to grant such probation is void. Release from confinement following such period of time, except where a sentence has expired, is void *ab initio*, or is reversed and set aside through appeal, is left to the executive branch and the pardon and parole process.

We conclude that the order of April 7th was void, and that the order proposed to be made would be void if made. Arriving at such view, we need not further consider whether the order proposed to be made has actually been made by virtue of any pronouncement of decision or by signing of the document, nor need we consider whether it is necessary for a trial court granting "shock" probation to specifically order the penal custodian to release the prisoner or whether the suspension of execution of sentence will suffice to support such release. Our ultimate conclusion merely is that the respondent court has threatened, and does threaten, to perform a judicial act by ordering the sentence of defendant Richardson suspended and that he be admitted to "shock" probation and released from relator's custody, that such act is beyond its jurisdiction and authority and void under the law, and that prohibition lies to prevent the court from proceeding further in any attempt to perform such void judicial act.

*Writ allowed.*

YOUNGER, P. J., and COLE, J., concur.