The **STATE** of Ohio, Appellant,

v.

**SPARKS**, Appellee.

[Cite as *State v. Sparks* (1990), 66 Ohio App.3d 348.]

Court of Appeals of Ohio,
Ross County.

No. 1573.

Decided March 12, 1990.

*Christine B. Henthorne,* Assistant Prosecuting Attorney, for appellant.
*J. Jeffrey Benson,* for appellee.

HARSHA, Judge.

This is an appeal from a judgment entered by the Ross County Court of Common Pleas granting the motion of Phillip Sparks, defendant-appellee, for shock probation pursuant to R.C. 2947.061(A), and further ordering appellee to serve the remainder of the actual incarceration portion of his sentence in the Ross County Jail.

The state of Ohio, plaintiff-appellant, assigns the following error:

"I. The trial court erred in granting defendant–appellee's motion for shock probation."

On January 23, 1987, an indictment was filed which charged appellee with complicity to trafficking in marijuana in violation of R.C. 2923.03(A)(2), a felony of the second degree. Appellee entered a plea of not guilty to such charge and following a jury trial, a verdict was returned which found appellee guilty. On June 5, 1987, the trial court entered a judgment upon the jury verdict, sentencing appellee to a term of not less than three nor more than fifteen years in the Ohio State Penitentiary, with six months of actual incarceration and a mandatory fine. Appellee filed a timely notice of appeal from the trial court's June 5, 1987 entry and on May 25, 1988, this court affirmed the judgment of the trial court. *State v. Sparks* (May 25, 1988), Ross App. No. 1432, unreported, 1988 WL 65611. On August 31, 1988, the Supreme Court of Ohio overruled appellee's motion for leave to appeal this court's decision at 38 Ohio St.3d 717, 533 N.E.2d 787.

On September 23, 1988, appellee began serving his sentence at the Ohio State Penitentiary. On November 9, 1988, appellee filed a motion for an order suspending the further execution of his sentence and placing him on shock probation pursuant to R.C. 2947.061(A). On January 9, 1989, the trial court issued an order granting appellee's motion for shock probation. The trial court noted that the probation would become effective after appellee had served the six-month term of actual incarceration and that the court would at such time set the terms and conditions of the probation granted. On January

26, 1989, the trial court entered judgment placing appellee on probation and further ordering that appellee would be incarcerated in the Ross County Jail until March 1, 1989. On February 16, 1989, the trial court overruled appellee's motion for reconsideration of its judgment entry. This court, on March 27, 1989, granted appellant's motion for leave to file an appeal from the trial court's entries granting appellee's motion for shock probation.

Appellant's sole assignment of error on appeal asserts that the trial court erred in granting appellee's motion for shock probation. R.C. 2947.061 provides, in pertinent part, as follows:

"(A) *Subject to sections 2951.02 to 2951.09 of the Revised Code,* the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced * * *." (Emphasis added.)

The courts of common pleas do not have inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute. *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198, paragraph one of the syllabus; *Municipal Court v. State, ex rel. Platter* (1933), 126 Ohio St. 103, 184 N.E. 1. Additionally, because suspension of sentence, probation, and shock probation are special statutory procedures, the statutory authority for such procedures must be specific in its terms and must also be strictly construed. *Smith, supra,* 42 Ohio St.3d at 61, 537 N.E.2d at 200; *State v. Ellington* (1987), 36 Ohio App.3d 76, 77, 521 N.E.2d 504, 505; *State, ex rel. Dallman, v. Court of Common Pleas* (1972), 32 Ohio App.2d 102, 61 O.O.2d 97, 288 N.E.2d 303.

Appellee's motion for shock probation was filed pursuant to R.C. 2947.-061(A). However, R.C. 2947.061(A) is explicitly made "[s]ubject to sections 2951.02 to 2951.09 of the Revised Code." R.C. 2951.02(F) provides, in pertinent part, as follows:

"(F) *An offender shall not be placed on probation* or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code *when any of the following applies:*

" * * *

"(5) *The offender* is not eligible for probation or shock probation pursuant to division (C) of section 2903.06 or 2903.07 of the Revised Code or *is sentenced to a term of actual incarceration.*" (Emphasis added.)

As noted by appellant, if a defendant is ineligible for probation at the time of sentencing, he is also ineligible for shock probation. *State v. Sheets* (Sept. 29, 1988), Cuyahoga App. No. 55340, unreported, at 1, 1988 WL 113617; *State v. Fisher* (1988), 35 Ohio St.3d 22, 23, 517 N.E.2d 911, 912. Accordingly, in that appellee was sentenced to a six-month term of actual incarceration, the trial court erred in granting him shock probation, which was in contravention of R.C. 2947.061(A) and 2951.02(F).

Appellee and the trial court relied upon R.C. 2929.01(C), which provides as follows:

"(C) 'Actual incarceration' means that an offender is required to be imprisoned for the stated period of time to which he is sentenced that is specified as a term of actual incarceration. If a person is sentenced to a term of actual incarceration, the court shall not suspend his term of actual incarceration, and shall not grant him probation or shock probation, pursuant to section 2929.51, 2947.061, 2951.02, or 2951.04 of the Revised Code, and the department of rehabilitation and correction or the adult parole authority shall not, pursuant to Chapter 2967. of the Revised Code or its rules adopted pursuant to Chapter 2967., 5120., 5143., or 5149. of the Revised Code, grant him a furlough for employment or education, a furlough for being a trustworthy prisoner other than a furlough pursuant to division (A)(1) or (2) of section 2967.27 of the Revised Code, parole, emergency parole, or shock parole until after the expiration of his term of actual incarceration, diminished as provided in sections 2967.19, 2967.193, 5145.11, and 5145.12 of the Revised Code."

Appellee argues that the phrase "until after the expiration of his term of actual incarceration" modifies "[i]f a person is sentenced to a term of actual incarceration, the court shall not suspend his term of actual incarceration, and shall not grant him probation or shock probation, pursuant to section 2929.51, 2947.061, 2951.02, or 2951.04 of the Revised Code." However, the Supreme Court of Ohio in *Smith, supra,*[1] at paragraph two of the syllabus, explicitly held that the unequivocal prohibition contained in R.C. 2951.02(F)(5) precludes the trial court from granting probation where actual incarceration is a mandated aspect of the defendant's sentence. The defendant in *Smith, supra,* was sentenced to not less than two nor more than fifteen years at the Ohio State Reformatory on one of his counts, with six months of actual

---

1. We would emphasize that the trial court rendered its judgment herein without the benefit of the *Smith* decision, which was released on April 19, 1989.

incarceration. The trial court therein suspended his sentence and placed him on five years' probation, on the condition that he spend his six months of actual incarceration at the Ohio State Reformatory. The court of appeals in *Smith, supra,* affirmed the trial court's grant of the defendant's motion for probation, but the Supreme Court reversed, citing R.C. 2929.01(C) as one of the provisions indicating that the defendant was *not* entitled to probation.

The Supreme Court in *Smith, supra,* therefore implicitly decided that the modifying phrase in R.C. 2929.01(C) relied upon by appellee and the trial court in the case at bar only modified the portion of such provision referring to the Department of Rehabilitation and Correction's or the Adult Parole Authority's ability to grant an offender a furlough or parole following the expiration of his term of actual incarceration and did not modify the portion relating to the trial court's authority to suspend the offender's sentence or grant probation or shock probation. Therefore, pursuant to R.C. 2947.061(A), 2951.02(F)(5), 2929.01(C), and the unambiguous holding in *Smith, supra,* appellant's assignment of error is sustained, and the judgment of the trial court granting appellant's motion for shock probation is reversed and the matter is remanded to the trial court for imposition of the original sentence.

*Judgment reversed*
*and cause remanded.*

HOMER E. ABELE and STEPHENSON, JJ., concur.

STEPHENSON, Judge, concurring.

I concur in the majority judgment and opinion on the basis of the recent decision in *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198. However, I believe the more persuasive reasoning in the *Smith* decision to be that of Justice Brown in his dissenting opinion, which sets forth and adopts the reasoning of the Court of Appeals for Montgomery County. Therefore, I concur.