Franklin E. Hartley appeals the denial of his motions for super shock probation by the Hocking County Court of Common Pleas. He argues that we should disregard both Ohio Supreme Court and this court's precedent, and decide that an inmate is eligible for probation after completing a mandatory term of incarceration. We decline to disregard such precedent and affirm the judgment of the trial court.
 I.
On November 29, 1993, Hartley pled no contest to two counts of breaking and entering, in violation of R.C. 2911.13(A). The trial court found him guilty and sentenced him to one year of incarceration on each count, to be served concurrently with each other. In a separate case, Hartley pled guilty to one count, of complicity to aggravated robbery, in violation of R.C. 2923.03(A)(2). This charge included a firearm specification. The trial court sentenced Hartley to an indefinite prison term of five to twenty-five years on the complicity count and a mandatory three-year term on the firearm specification. The trial court ordered Harley to serve this sentence consecutive to the sentence for the breaking and entering conviction.
On June 9, 1999, Hartley filed a motion for super shock probation in both cases. The trial court denied the motion because Hartley is ineligible for probation because he is serving a mandatory term of incarceration for the firearm specification.
He appealed in both cases. We sua sponte consolidated the appeals. He asserts the following assignment of error in both appeals:
 I. APPELLANT WAS WRONGLY DENIED RELIEF ON HIS MOTION FOR SUPER SHOCK PROBATION BY THE TRIAL COURT BASED SOLELY ON HIS CONVICTION OF A FIREARM SPECIFICATION.
 II.
In his only assignment of error, Hartley asks us to revisit the issue decided by the Ohio Supreme Court in State v. Smith (1989),42 Ohio St.3d 60. He argues that in Smith, the Court reached the wrong decision when it held that any offender who was sentenced to a term of actual incarceration is ineligible for probation.
In Smith, the issue was whether an offender who had been sentenced to a term of actual incarceration could nevertheless have the remainder of his sentence suspended. Smith was convicted of several drug-related offenses. One of the convictions mandated a six-month term of incarceration. The trial court sentenced Smith to six months incarceration, suspended the remainder of the prison term subject to the completion of the mandatory six month term and placed Smith on probation. The Ohio Supreme Court held that the trial court had no authority to place Smith on probation because, pursuant to former R.C. 2951.02(F)(5), an offender sentenced to a mandatory term of actual incarceration is simply ineligible for probation. Smith at 63.
In State v. Sparks (1990), 66 Ohio App.3d 348, we followed Smith by holding that, under former R.C. 2951.02(F)(5), a trial court could not grant shock probation to an offender who had been sentenced to a term of actual incarceration.
While Am.Sub.S.B. No. 2 substantially amended R.C. 2951.02, R.C. 2951.011 provides that R.C. Chapter 2951 as it existed prior to July 1, 1996 applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996.
Under the current version of R.C. 2929.20, trial courts now have the authority to grant judicial release to an offender after the offender has served a mandatory term of incarceration. Unfortunately for Hartley, he is ineligible for judicial release because he was convicted for a crime committed prior to July 1, 1996. State v. Rush (1998) 83 Ohio St.3d 53, paragraph two of the syllabus ("[t]he amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996"); State v. Leadingham (Sept. 3, 1999), Scioto App. No. 98CA2607, unreported (judicial release pursuant to R.C. 2929.20
is not available to offenders sentenced prior to July 1, 1996)
Accordingly, the trial court did not have the authority to grant probation to Hartley. Smith. If an offender is ineligible for probation, the offender is also ineligible for shock probation. State v. Sparks (1990), 66 Ohio App.3d 348, 351. The trial court did not err in denying appellant's motion for shock probation because the trial court did not have the authority to grant it. We overrule appellant's only assignment of error.
 III.
In sum, we overrule appellant's only assignment of error and affirm the judgment of the trial court in both cases.
JUDGMENTS AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harhsa, J.: Concur in Judgment and Opinion.
For the Court
 BY: _______________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commencesfrom the date of filing with the clerk.