THE STATE OF OHIO *v.* STEWART.

(Nos. 95878 and 95879—Decided December 20, 1971.)

Hamilton County Court of Common Pleas, Criminal Division.

Mr. *Simon L. Leis, Jr.*, prosecuting attorney, and Mr. *Irvin A. Meserth*, assistant prosecuting attorney, for plaintiff.

Mr. *Earl T. Wagner*, for defendant.

KRAFT, J. On December 21, 1970, the defendant pled guilty to grand larceny and illegal possession of a hypodermic needle and on February 26, 1971, he was sentenced to the Ohio State Penitentiary.

On April 12, 1971, the defendant filed a motion to suspend further execution of the sentence under the shock statute, R. C. 2947.061, which was argued by defendant's trial counsel and denied.

On June 21, 1971, the defendant filed a petition "for court probation for treatment of drug dependence" under R. C. 3719.51, Sections (A) and (B). On July 2, 1971, this matter was argued to the court and on July 7, 1971, it was re-argued to the court by defendant's trial counsel.

Two questions have been raised by this matter, the first being, is R. C. 3719.51 a pre-sentencing statute or a post-conviction statute? Some indication of the confusion surrounding the statute is revealed by the unusual fact that in Page's Ohio Code and Schneider's Criminal Code this section is captioned "Drug Dependent Convicts; Suspension of Sentence; Examination; Treatment," while in Baldwin's Ohio Code the identical section is captioned "Probation for Treatment of Drug Dependence." Recognizing that the caption does not control the subject matter of the statute, "it is proper to look to the title to ascertain the legislative purpose and intent." *Credit Co.* v. *Schreyer,* 120 Ohio St. 568 at page 574; and in *State* v. *Glass,* 27 Ohio App. 2d 214 (5/12/71), at page 216, the court said:

"Consideration of the title is especially proper where as in Ohio there is a constitutional provision that no bill

shall contain more than one subject, which shall be clearly expressed in the title."

Unfortunately, because of this discrepancy, the caption is of no help to the court. Turning to the statute itself, we find the following language in Section (D):

"If, upon hearing, the court finds that the defendant is a drug dependent person, or in danger of becoming such, and may be rehabilitated through treatment, *it may suspend execution of the sentence imposed,* and place him on probation."

To "suspend execution of a sentence *imposed*" is certainly not the same as to *"suspend the imposition* of the sentence," which appears in the general probation statute, R. C. 2951.02. Nor is it the same as *"after conviction and before sentence,"* which we find in the statute providing for a psychiatric examination before sentence, R. C. 2947.-25. Nor is it the same as *"may file a verified petition at any time in the court which imposed sentence,"* this being the language in the statute providing for review after sentence, R. C. 2953.21. It is not identical to the provision of the shock statute, R. C. 2947.061, which states: "The trial court may * * * after the defendant, *having been sentenced* * * * suspends further execution of the sentence."

But "sentence imposed" and "having been sentenced" certainly do deal with the same tense.

The court is persuaded by the clear use of the words *"to suspend execution of the sentence imposed"* that the Legislature reposed with the judge, authority to take some affirmative action after, post, or subsequent to sentencing. No other reasonable interpretation can be made in light of other phrases used to spell out the specific stage of proceedings when the court might act.

Having reached this conclusion, the court is confronted with a second issue. Can the statute be invoked at *any time* after sentencing? Clearly this section does not have the specificity found in the shock statute R. C. 2947.061, which says it can be invoked: "notwithstanding the expiration of the term of court during which such defendant was sentenced."

The statute with which the court is concerned is silent in this respect and requires interpretation. Does the absence of a definable period mean that a defendant may rely upon this statute at any time after sentence is imposed without restriction or limitation?

A clear position on the question of this court's jurisdiction after sentencing has prevailed in Ohio since 1917. *In Re: Robinson,* decided January 7, 1917, by the Court of Appeals for Clinton County, 8 Ohio App. 391, syllabus 1 states:

"A Court of Common Pleas has no power or authority to modify its judgment after term at which it was made has expired, except in a manner pointed out by statute."

In *Municipal Court of Toledo et al.,* v. *The State, ex rel. Platter,* decided January 11, 1933, by the Supreme Court of Ohio, 126 Ohio St. 103, syllabus 3 states:

"The trial courts of this State do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute."

At page 110, *Id.,* the court quotes *8 Ruling Case Law 253,* Section 258, as follows:

"On principal and authority the right of the court to suspend the execution of the sentence after it has been pronounced cannot be sustained except as incident to a review of the case on a writ of error or on other well established legal grounds. After sentence given, the matter within these limits would seem to be wholly within the hands of the executive officers of the law. The sole power is vested in the governor to grant reprieves, commutations and pardons after conviction, on such conditions and with such restrictions and limitations as he may think proper and the action of the court after it had regularly pronounced the punishment provided by law for the offense is clearly obnoxious to the objection that it is an attempted exercise of power not judicial but vested in the executive."

And at page 108 *Id.,* the court says further:

"There is a distinction between suspension of imposition of sentence and suspension of execution of sen-

tence. We find no statutory authority to suspend the execution of the sentence previously imposed by such court on conviction of violating a state law, except to enable the defendant to prosecute error or to be placed on probation as provided by statute."

On March 13, 1940, the Supreme Court of Ohio in *State, ex rel. Gordon,* v. *Zangerle,* 16 O. O. 536, approved and followed *Municipal Court of Toledo* v. *State, ex rel. Platter.* In syllabus 6 the court said:

"Trial judges do not have inherent or statutory power to suspend the execution of sentence for the purpose of granting probation."

At page 541 *Id.,* the court further says:

"The agreed statement of facts shows that the Common Pleas Court of Cuyahoga County in many instances has imposed sentence for a felony committed, then suspended execution of the sentence and placed the defendant on probation. * * * The statutes do not authorize such procedure and the power to suspend the execution of sentence as a basis for probation does not exist in the absence of an empowering statute."

On November 3, 1961, in *State of Ohio* v. *George Markos,* 18 O. O. 2d 75, the Court of Common Pleas for Tuscarawas County held that: "A court is without jurisdiction to modify a valid sentence after the term at which judgment was entered except in such manner as provided by law," and cites *In re Robinson* referred to previously. It also cites *In re Silverman,* 69 Ohio App. 128 (4/6/42): "that after a defendant has been sentenced, the trial court has no jurisdiction at a subsequent term of court to disturb the judgment either by setting it aside or by suspending its execution." Also citing 15 American Jurisprudence 129, Section 473:

"as a general rule that the power of a trial court over a valid sentence pronounced by it ceases at the end of the term except for purposes of enforcement."

The court therefore concludes that R. C. 3719.51 as it currently reads is a post-conviction remedy. However, since the Legislature has failed to extend the court's juris-

diction by specific language such as appears in the shock statute, it is this court's opinion that it has no legal authority to act after term with reference to a sentence previously imposed.

In Hamilton County the terms of court commence on the first Monday of January, April, July and October, and the terms are designated by the first month of the term. The defendant was sentenced in the January term of court and filed his petition, treated as a motion by this court, in the April term of court. Having failed to pray for relief in the same term of court, he is precluded from taking advantage of the statute in question. The court would hasten to point out that this interpretation places a particular hardship on that class of defendants who might be sentenced on the last day of a term of court, for in this circumstance a defendant would have to petition the sentencing judge the same day, to prevent the loss of this procedural right. As inequitable as this might appear, the remedy rests with the Legislature.

The court therefore concludes that the statute R. C. 3719.51 is a post-conviction remedial procedure which must be invoked by a defendant, in the same term of court as when he has been sentenced. To permit any other interpretation would be to provide interminable petitions and motions by defendants from the day of arrival at a penal institution to the day of departure. Surely this would be senseless. A case must have some reasonably defined finality other than normal appeal provides, and the end of the court's term is the most practical unless the Legislature provides otherwise.

The defendant's petition, treated herein as a motion, is hereby overruled and denied.

*Motion overruled.*