THE STATE OF OHIO, APPELLEE, *v.* ARMSTRONG, APPELLANT.

[Cite as State v. Armstrong (1973), 40 Ohio App. 2d 46.]

(No. 73AP-245—Decided December 4, 1973.)

*Mr. George C. Smith*, prosecuting attorney, and *Mr. Miles C. Durfey*, for appellee.

*Mr. William H. Bluth* and *Mr. Edward Harter*, for appellant.

*Per Curiam.* This is an appeal from a judgment and sentence of the Court of Common Pleas of Franklin County.

The record indicates that on March 6, 1972, defendant, the appellant herein, pleaded guilty to the illegal possession of a narcotic and the illegal possession of a hallucinogen. He was sentenced to the Ohio Penitentiary April 6, 1972. Defendant filed a motion for a medical examination, in accordance with R. C. 3719.51, and included a memorandum in support of the motion, an affidavit of indigency, and proof of service. The trial court on May 21, 1973, overruled defendant's motion. There was not a hearing or written decision.

Subsequently, defendant perfected this appeal, and the state, the appellee, moves to dismiss upon the ground that the trial court's order is not appealable.

Defendant advances the following assignment of error: "The Court of Common Pleas erred by refusing to grant defendant-appellant's motion for a medical examination brought pursuant to R. C. §3719.51."

Defendant filed a motion for a medical examination May 17, 1973, pursuant to R. C. 3719.51, which reads in pertinent part:

"Drug dependent convicts; suspension of sentence; examination; treatment.

"(A) If the court has reason to believe that a person convicted of any felony or misdemeanor for which probation may be granted is a drug dependent person or in danger of becoming a drug dependent person, it *may* order him to submit to a medical and psychiatric examination to determine if he is dependent on drugs or in danger of becoming a drug dependent person, and if he may be rehabilitated through treatment. Such examination shall be conducted by or under the supervision of a competent physician appointed by the court, and may be carried out in any appropriate institution under the control of the department of mental health and mental retardation and at correctional institutions under the department of correction, or in any public hospital, clinic, or other proper institution." (Emphasis added.)

The above statute is analogous to R. C. 2947.061, commonly called "shock probation." Both include postconviction relief and place discretion in the trial court. Neither requires a hearing. In fact, the trial court may grant shock probation without a motion by defendant. The language of the statute is controlling. We note the syllabus of *State* v. *Poffenbaugh* (1968), 14 Ohio App. 2d 59, which reads as follows:

"1. Criminal procedure in Ohio is regulated entirely and exclusively by statute, and courts are without jurisdiction to recognize any legislative intent in a criminal procedural statute unless there is a clear statutory expression of such intent.

"2. Under the provisions of Section 2947.061, Revised Code, a defendant who has filed a motion to suspend fur-

ther execution of sentence and requesting probation is not entitled to a hearing on the motion, as there is no clear statutory expresson in that section conferring upon the defendant the right to such a hearing.

"3. The order of the court granting or denying such motion of a defendant under Section 2947.061, Revised Code, is not reviewable. Such section does not specifically provide that such an order is a final appealable order."

Thus, defendant has only those rights that are expressly included by statute. The statute in this case does not differ materially from shock probation. It follows, therefore, that the trial court's judgment is not an appealable order. In any event, even if appealable, the trial court has no jurisdiction. The probation statutes must be considered together.

R. C. 3719.51(D) provides that when the court finds a defendant to be a drug-dependent person or in danger of becoming one, the court may suspend the execution of the sentence imposed and place such defendant on probation in the custody of the Department of Mental Hygiene and Correction on condition that the defendant submit to and faithfully follow the prescribed treatment for his drug dependence. Prior to such determination, R. C. 3719.51(A), (B) and (C) provide that the court must first find reason to believe the defendant is a drug dependent person, then order him to submit to a medical and psychiatric examination; next receive a written report of such examination; and, thereafter, hold a hearing to determine if the defendant is a drug-dependent person or in danger of becoming one. In this case, the trial court overrued a motion to order the medical and psychiatric examination.

R. C. 3719.51 contains no express provision as to the time within which the trial court must take the first step; that is, find reason to believe that the defendant is a drug dependent person or in danger of becoming one and order the examination. However, it is apparent that such determination could not first be made after the defendant had served several years of a lengthy sentence of imprisonment. However, R. C. 3719.51(A) does contain language

which establishes the time in which the trial court must exercise the discretion granted thereby.

R. C. 3719.51(A) limits its application to situations where a defendant has been "convicted of any felony or misdemeanor for which probation may be granted." Accordingly, the trial court may grant probation under R. C. 3719.51 only at a time when such court otherwise has jurisdiction to grant probation.

With respect to situations where the execution of a sentence of imprisonment has commenced, R. C. 3719.51 must be read in *pari materia* with R. C. 2947.061, which is commonly referred to as the "shock-probation" statute. However, this term does not appear in the statute. Rather, R. C. 2947.061 grants discretion to the trial court to grant probation after a person has served thirty days of his sentence of conviction and is not limited to "shock-probation." A motion for delayed probation pursuant to R. C. 2947.061 must be made "not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence."

In this case, defendant was sentenced on April 6, 1972, and received at the Ohio Penitentiary on April 10, 1972. On May 10, 1972, a motion for delayed probation was made, pursuant to R. C. 2947.061, but was overruled on August 17, 1972. The motion for a medical examination, made pursuant to R. C. 3719.51, was not filed until May 21, 1973, more than thirteen months after defendant commenced serving his sentence. At that time, the jurisdiction of the trial court to grant probation pursuant to R. C. 3719.51 had expired.

R. C. 2951.02 sets forth the standard ordinarily to be applied in determining whether a person convicted of a probationary offense should be placed on probation. That section provides that the court may place the defendant on probation where "* * * it appears to the satisfaction of the judge or magistrate that the character of the defendant and the circumstances of the case are such that he is not likely again to engage in an offensive course of conduct, and the public good does not demand or require that he be

immediately sentenced * * *." R. C. 3719.51 provides an additional standard that may be used in determining whether to place a defendant on probation, which includes treatment for a drug-dependent person, in hopes that such treatment, rather than imprisonment, will better serve to successfully rehabilitate the person.

Accordingly, defendant's assignment of error is not well taken and is overruled. The state's motion to dismiss is well taken and is sustained. Therefore, the judgment of the trial court is affirmed and this appeal dismissed.

*Judgment affirmed.*

STRAUSBAUGH, WHITESIDE and REILLY, JJ., concur.