The State of Ohio, Appellee, v. Ramey, Appellant.

. (No. 461—Decided January 31, 1975.)

*Mr. Lowell S. Petersen*, for appellee.
*Mr. Paul C. Moon*, for appellant.

Potter, P. J. Two separate informations were filed in the Court of Common Pleas of Ottawa County, charging defendant with robbery, a violation of R. C. 2901.12 (old law), and escape from detention, a violation of R. C. 2921.34 (new law). In both cases, an indictment was waived and pleas of guilty were entered. Defendant was appropriately sentenced on both charges and the sentences were to be served consecutively. In both cases, defendant's counsel timely filed, on March 8, 1974, motions for shock probation, pursuant to R. C. 2947.061 and probation under R. C. 3719.-51, which is captioned in Page's Ohio Revised Code as: "Drug dependent convicts; suspension of sentence; examination; treatment." A hearing was held in the common pleas court and on April 8, 1974, the motion for shock probation in each case was denied. A hearing was held on the motion made pursuant to R. C. 3719.51, but the court's decision thereon was withheld until July 12, 1974. The trial court found in its judgment of July 12, 1974, that the defendant was a drug dependent person or in danger of be-

coming such, and that he may be rehabilitated through treatment. However, the trial court also found that it had jurisdiction to act pursuant to R. C. 3719.51 only prior to sentencing. The defendant, at the time of the filing of the above motions, had been delivered into an institution in which he was to serve his sentences. To the judgment of the court, counsel has assigned two errors. They are as follows:

"Assignment of Error No. 1:

"The trial Court's refusal to probate appellant for treatment pursuant to Section 3719.51 of the Ohio Revised Code constitutes an abuse of discretion by the trial Court.

"Assignment of Error No. 2:

"The trial Court's Judgment of July 12, 1974 denying probation to appellant for treatment pursuant to Section 3719.51 of the Ohio Revised Code upon the ground that said court was without jurisdiction to act pursuant to Section 3719.51 of the Ohio Revised Code is contrary to law."

Pertinent to ruling on the above assignments of error is an examination of the following paragraphs of R. C. 3719.51.

"(A) If the court has reason to believe that a person convicted of any felony or misdemeanor for which probation may be granted is a drug dependent person or in danger of becoming a drug dependent person, it may order him to submit to a medical and psychiatric examination to determine if he is dependent on drugs or in danger of becoming a drug dependent person, and if he may be rehabilitated through treatment. Such examination shall be conducted by or under the supervision of a competent physician appointed by the court, and may be carried out in any appropriate institution under the control of the department of mental health and mental retardation and at correctional institutions under the department of correction, or in any public hospital, clinic, or other proper institution.

"(B) Within thirty days from the date an examination is ordered under this section, the physician conducting such examination shall submit to the court, in writing, a report of his findings and opinion on whether the defendant

is a drug dependent person or in danger of becoming such, and whether he may be rehabilitated through treatment. The court shall transmit a copy of the report to the defendant or his attorney.

"(C) Following examination, the court shall hold a hearing to determine if the defendant is a drug dependent person or in danger of becoming a drug dependent person, and if he may be rehabilitated through treatment. The defendant shall be afforded an opportunity to present evidence controverting the report of examination or any of its findings or opinions.

"(D) If, upon hearing, the court finds that the defendant is a drug dependent person or in danger of becoming such, and may be rehabilitated through treatment, it may suspend execution of the sentence imposed and place him on probation in the custody of the department of correction, on condition that he submit to and faithfully follow the treatment prescribed for his drug dependence or danger of drug dependence, and on such other conditions as the court considers necessary to insure his good behavior."

This court has been directed to two cases which have wrestled with the interpretation of R. C. 3719.51(D)— *State* v. *Stewart* (1971), 31 Ohio Misc. 34 and *State* v. *Armstrong* (1973), 40 Ohio App. 2d 46. In the *Stewart* case, the defendant was sentenced to the Ohio State Penitentiary. The court held that the clear interpretation of the words "to suspend execution of the sentence imposed" gives a judge authority to take some affirmative action after, post or subsequent to sentencing. That court, then directing its attention to the time after sentencing that such action may be taken, came to the conclusion that the failure to file a motion for probation for treatment as a drug dependent person in the same term of court in which he was sentenced precluded relief. In the *Armstrong* case, the appellate court concluded that R. C. 3719.51 is analogous to R. C. 2947.061 in that they both include post conviction relief and placed discretion in the trial court. The question presented to the court was the time in which action had to be taken by the trial court. That appellate

court held that where the execution of a sentence of imprisonment had commenced, R. C. 3719.51 had to be read in pari materia with R. C. 2947.061, commonly referred to as the "shock probation" statute. In that case, since the motion under R. C. 3719.51 had not been filed until more than thirteen months after defendant commenced serving his sentence, the jurisdiction of the trial court to grant probation pursuant to R. C. 3719.51 had expired.

It is apparent that neither case considered R. C. 2929.-51, entitled "Modification of Sentence," for the reason that such statute became effective as part of the new Criminal Code of Ohio on January 1, 1974. The pertinent parts of R. C. 2929.51 read as follows:

"(A) At the time of sentencing or at any time before an offender is delivered into the custody of the institution in which he is to serve his sentence, when an indefinite term of imprisonment for felony is imposed, the court may suspend the sentence and place the offender on probation pursuant to section 2951.02 of the Revised Code. * * *"

"(B) After an offender is delivered into the custody of the institution in which he is to serve his sentence, when an indefinite term of imprisonment for felony is imposed, and during the period prescribed by section 2947.061 of the Revised Code, the court may suspend the balance of the sentence and place the offender on probation pursuant to such sction."

It has long been established that trial courts have only that power to suspend execution of sentence as is authorized by statute. See, *Municipal Court of Toledo* v. *State, ex rel. Platter* (1933), 126 Ohio St. 103. See also, generally, 15A Ohio Jurisprudence 2d 721, et seq., Criminal Practice and Procedure, Section 589, et seq.

We, therefore, conclude that while the trial court could have suspended the execution of sentence imposed, such authority under the language of R. C. 2929.51 was terminated at the time the offender was delivered into custody of the institution in which he is to serve his sentence. Paragraph (B) of R. C. 3719.70, relating to the offender's cooperation with law enforcement authorities to reveal infor-

mation within his knowledge concerning the illicit traffic in or the use of drugs of abuse and requiring that he testify to such information as a condition for probation, fortifies this conclusion.

The trial court could have acted under R. C. 2947.061 and perhaps achieved by the terms of probation the results petitioned for under R. C. 3719.51. Defendant also has available the new shock parole provisions of R. C. 2967.31.

For the foregoing reasons, the assignments of error are found not well taken and the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and WILEY, JJ., concur.