(No. 37414—Decided July 6, 1978.)

Mr. John T. Corrigan, prosecuting attorney, for appellee.

Mr. Floyd B. Oliver, for appellant.

Jackson, J. In June 1974, defendant entered a plea of guilty to one count of former R. C. 3719.20(A), possession for sale of a narcotic drug. Defendant was sentenced to a term of ten to twenty years. A motion for shock probation was denied in October 1974. The sentence was later modified to three to ten years.

The docket sheet indicates that appellant filed a motion on November 24, 1976, to suspend further execution of his sentence under R. C. 2951.04. The motion was denied; the docket sheet indicates that the trial court did not conduct a hearing on the motion.

A timely appeal was filed. One error was assigned.

"I. The trial court erred in overruling appellant's motions for post conviction relief pursuant to R. C. 2951.04 by not adhering to the proper statutory procedure for the consideration of such motion as set forth in R. C. 2951.04 (A) and (B)."

The record indicates that defendant also filed a motion to vacate the judgment and sentence on March 22, 1977. Motions for summary judgment were filed by both parties. On June 1, 1977, the motion to vacate was denied. Defendant filed a second timely appeal and assigned two errors, to wit:

"First assignment of error

"The court erred in dismissing the post-conviction motion of the appellant without an evidentiary hearing.

"Second Assignment of Error

"The plea of guilty was illegal in that it was obtained in violation of due process of law:

"a) the plea was based on the promise of a probated sentence;

"b) the plea was entered while defendant was under the influence of narcotic medications;

"c) the plea was involuntary and made without a full understanding of the nature of the charges and the consequences of said plea."

Both appeals are presently before this court for disposition.[1]

With regard to the first appeal which involves the issue of whether the trial court failed to comply with R. C. 2951.04, we conclude that the trial court properly denied defendant's request for conditional probation of a drug

---

[1] Although the two appeals by appellant are from separate trial court determinations, both appeals came to this court with the same trial case number (CR 2164). An appellate court case number (37414) was assigned to both cases.

dependent person for the reason that the trial court lacked jurisdiction.

The Ohio Supreme Court in *State, ex rel. Corrigan,* v. *Court of Common Pleas* (1976), 45 Ohio St. 2d 187, in considering "shock" probation (R. C. 2947.061) set forth the general rule regarding the timing of requests for probation. "Probation generally relates to an action taken before an individual enters a penal institution under sentence;" *Id.* at 191. This general rule is stated in 21 American Jurisprudence 2d, Criminal Law, Section 562 (2d ed. 1965), "Probation proper relates to action taken before the prison door is closed, * * * ." In *United States* v. *Teresi* (C. A. 7, 1973), 484 F. 2d 894, 897, the court stated with regard to whether a request for probation was timely, "Such jurisdiction [jurisdiction to suspend the execution of sentence and place the defendant on probation] would have been lost had defendant begun to serve his sentence." *See People* v. *Colbert* (Cal. App. 1970), 85 Cal. Rptr. 617; *Bernhardt* v. *State* (Fla. 1974), 288 So. 2d 490.

While the general rule is that probation be considered only prior to entrance to a penal institution under sentence, statutes may alter this general rule. Motions for "shock" probation (R. C. 2947.061) are timely not earlier than thirty days nor later than sixty days after the defendant enters a penal institution under sentence. The court in *State, ex rel. Corrigan, supra,* characterized "shock" probation as "a hybrid of both probation and parole."

R. C. 2951.04 does not contain a provision regarding when the request for conditional probation of a drug dependent person must be made.[2] Because the general rule is that probation relates to action taken before an individual enters a penal institution under sentence, we conclude that requests for conditional probation of drug dependent persons must be made before an individual enters a penal institution under sentence. This conclusion accords

---

[2] R. C. 2929.51(a) provides that probation pursuant to R. C. 2951.02 for a felony conviction when an indefinite term of imprisonment is imposed may be granted "[a]t the time of sentencing, or at any time before an offender is delivered into the custody of the institution in which he is to serve his sentence."

with *State* v. *Ramey* (1975), 46 Ohio App. 2d 184,[9] where the court considered R. C. 3719.51, a predecessor of R. C. 2951.04. The court held,

"The authority of the trial court to suspend the execution of sentence imposed on a drug-dependent convict under R. C. 3719.51 must be invoked before the offender is delivered into the custody of the institution in which he is to serve his sentence." *Id.*

The motion by appellant under R. C. 2951.04 was filed more than two years after entrance into the penal institution. We conclude that the motion was properly denied by the trial court.

With regard to the assignments of error under the second appeal, defendant challenges the denial of his motion for post-conviction relief by the trial court without conducting a hearing pursuant to provisions of R. C. 2953.-21.

The motion for post-conviction relief contains the following sworn statements:

"3: the plea was made while the petitioner was mentally incompetent due to ingestion of drugs.

"4: the plea was a coerced plea which was the result of a promise of shock probation, a promise in which counsel, the prosecution and the court were a part * * *."

The affidavit by trial counsel for defendant attached to the state's Motion for Summary Judgment stated that the defendant had not been promised anything, and had not been under the influence of drugs at the time of the guilty plea.

The Ohio Supreme Court has held that:

"1. Where a claim raised by a petition for postconviction relief under R. C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief.

---

[9]*State* v. *Wheeler* (1976), 49 Ohio Misc. 41, applied *Ramey* to R. C. 2951.04.

"2. Upon a motion by the prosecuting attorney for summary judgment, a petition for postconviction relief shall be dismissed where the pleadings, affidavits, files and other records show that there is no genuine issue as to any material fact, and there is no substantial constitutional issue established." *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46, paragraphs 1 and 2 of the syllabus.

In *Milanovich* the court found a promise of "shock parole" to be a substantive ground for relief. Similarly, proof of a drug-induced state at the time of the plea would undermine a claim of a knowing, voluntary and intelligent plea. Defendant should have been given an opportunity to prove these allegations unless through the motion for summary judgment including affidavits, etc., the movant has demonstrated that there is no genuine issue as to any material fact.

The prosecution argues that the affidavit attached to their motion for summary judgment establishes that there is no genuine issue of material fact. We disagree; the sworn statements of defendant contradict the affidavit of the prosecution. Genuine issues of fact exist as to whether defendant was under the influence of drugs at the time of the plea and whether defendant's plea was made in reliance on a promise for shock probation. A hearing was required to determine these issues of fact.

The error assigned by appellant contending that a hearing should have been held is well taken. Since the record discloses the existence of a genuine issue of fact neither side was entitled to an award of summary judgment.

Accordingly, the judgment of the trial court in the first appeal is affirmed.

In the second appeal the judgment is reversed for a hearing pursuant to provisions of R. C. 2953.21.

*Judgment accordingly.*

PARRINO, P. J., and PRYATEL, J., concur.