THE STATE OF OHIO *v.* HEAD.

[Cite as State v. Head, 6 Ohio Misc. 157.]

(No. 4521—Decided March 22, 1966.)

Common Pleas Court of Geauga County.

*Mr. Edwin T. Hofstetter,* prosecuting attorney, and *Mr. Gene Henry,* for plaintiff.
*Messrs. Thrasher, Dinsmore & Dolan* and *Mr. Lawrence Dolan,* for defendant.

FORD, J. This court is well aware of *State v. Viegel,* 5 Ohio Misc. 45, and would ordinarily defer to Judge Lamneck's wealth of experience and wisdom. This cannot, however, in this case, be done.

We are told by penologists and psychologists that the first few days, weeks, or months of imprisonment are the most critical in the treatment and correction of prisoners. We are told by these same experts that for some prisoners all the therapy needed is the slam of the gates behind them, the loss of personal effects, the delousing, and the prospect that this will be the life to be endured for an indeterminate length of time.

A careful reading of the statute surrounds the release of a prisoner on probation with none of the restrictions placed upon

it by Judge Lamneck. Section 2947.061, Revised Code, has been made subject only to Sections 2951.03 to 2951.09, Revised Code, and again no reading of those sections requires the court to act under the new section only if there is a misapprehension of the facts.

The correction of a prisoner does not by the magic of a court sentence become solely a state problem. After serving that sentence, the person confined must return to society and most often he returns to the community from whence he came. Modern penology encompasses and encourages mutual effort towards correction by both the local and state officials. Section 2947.061, Revised Code, is a giant step in this direction and when considered with the several other enactments of this immediate past Legislature, shows enlightenment on the part of the Legislature in securing the rights of individuals as well as a desire to give the courts more authority over the problems that are the court's, if not more than, at least as much as, the state's.

It is the opinion of this court that *State* v. *Viegel,* 5 Ohio Misc. 45, *supra,* emasculates the statute and that the holding again, in this court's opinion, is not what the Legislature said or intended. Further, the author of this law concurs and adds that one of the intended functions of the law was to relieve in part the burden of parole as well.

The traumatic therapy of a few short months in prison is often enough. Human frailty and fallibility being what it is, the court could well misjudge this prisoner, and the prisoner could well fail in his probation, but the opportunity to fail, or succeed, is hereby given.

*Judgment accordingly.*