THE STATE OF OHIO, APPELLEE, *v.* POFFENBAUGH, APPELLANT.

[Cite as State v. Poffenbaugh, 14 Ohio App. 2d 59.]

(No. 933—Decided May 1, 1968.)

*Mr. Donald D. Simmons,* prosecuting attorney, for appellee.

*Mr. Joseph A. Cannon* and *Mr. Robert A. Burns,* for appellant.

STRAUB, J. The defendant, Poffenbaugh, while represented by counsel pleaded guilty to three counts in an indictment charging embezzlement. The cause was set for hearing on August 18, 1967, at which time the defendant presented character witnesses in mitigation of sentence and a probation report was presented to the court. The court sentenced the defendant to serve concurrent sentenc-

es in the Ohio Penitentiary. On September 20, 1967, the defendant, Poffenbaugh, filed a motion with the trial court under the provisions of Section 2947.061, Revised Code, to suspend further execution of sentence and place the defendant on probation. The court overruled the motion of the defendant on October 4, 1967. The defendant, Poffenbaugh, through his counsel, filed an appeal from the order of the court dated October 4, 1967, overruling defendant's motion to suspend further execution of sentence.

Section 2947.061, Revised Code, which was enacted effective October 30, 1965, is as follows:

"Subject to Sections 2951.03 to 2951.09, inclusive, of the Revised Code, the trial court *may,* upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced." (Emphasis added.)

It should be noted that the above statute does not provide for a hearing by the court on a motion to suspend further execution of sentence.

In this appeal the defendant contends that the failure of the court to hold a formal judicial hearing on the motion to suspend further execution of sentence violated the defendant's constitutional and statutory rights and deprived the defendant of due process of law. The question arises as to what, if any, constitutional and statutory safeguards and rights defendant, Poffenbaugh, is entitled to as an inmate in a penal institution, having entered a plea of guilty and having been legally sentenced thereto. We quote the following from the opinion in the case of *State* v. *Theisen,* 167 Ohio St. 119, at page 124:

"It must be kept in mind that an alleged probation violator is not in any wise in the position of one accused

of crime and, therefore, entitled to all the constitutional and statutory safeguards given one so accused. The alleged probation violator has had his day in court on a criminal charge and has pleaded guilty thereto or has been adjudged guilty thereof. He had a specific statutory right of appeal from that adjudication. He is, at all times prior to the termination of his probation, a convicted criminal. He has been allowed to remain in society by virtue of the discretion of a trial judge, a discretion upon the exercise of which, as a matter of right, he can exert no claim or upon the withholding of which he can predicate no complaint.''

That case definitely determines that a defendant, having been placed on probation by the grace, clemency, and discretion of the court, is not entitled to the statutory and constitutional safeguards to which he was entitled during the stages of his trial.

In the case at hand, the defendant, Poffenbaugh, under the unlimited and broad discretion of the trial court, was denied probation and was sentenced to the Ohio Penitentiary. Counsel for the defendant did not attempt an appeal based on the denial of the trial court to place Poffenbaugh on probation. It is well established by law that a defendant has no legal right to probation and that the court's discretion to sentence the defendant and deny probation is not reviewable on appeal. *Escoe* v. *Zerbst, Warden,* 295 U. S. 490, 79 L. Ed. 1566, 55 S. Ct. 818; *Bryson* v. *United States,* 265 F. 2d 9 (certiorari denied, 360 U. S. 919, 3 L. Ed. 2d 1535, 79 S. Ct. 1437); *State* v. *Curtis,* 2 Ohio App. 2d 31; *State* v. *Weed,* 110 Ohio App. 186; 24 Corpus Jurus Secundum 457.

. Counsel for the defendant argues that Poffenbaugh was entitled to a judicial hearing under the provisions of Section 2947.061, Revised Code, with the right of Poffenbaugh to be present and submit testimony from the staff of the penal institution to which he was sentenced to prove his complete rehabilitation during the month or two of his incarceration. To substantiate this contention that Poffenbaugh is entitled to a formal judicial hearing, his counsel argues that Section 2947.061, Revised Code, must be

interpreted and construed *in pari materia* with Sections 2951.09 and 2947.06, Revised Code, both of which sections counsel claims require a formal judicial hearing with the defendant being present and allowed to hear testimony, pro and con, and examine all reports. Section 2947.06, Revised Code, as amended effective September 24, 1963, reads in part as follows:

"The trial court *may* hear testimony of mitigation of a sentence at the term of conviction or plea, or at the next term. The prosecuting attorney may offer testimony on behalf of the state, to give the court a true understanding of the case. *The court shall determine whether sentence ought immediately to be imposed or the defendant placed on probation.* The court of its own motion may direct the department of probation of the county wherein the defendant resides, or its own regular probation officer, to make such inquires and reports as the court requires concerning the defendant, and such reports shall be *confidential and need not be furnished to the defendant or his counsel or the prosecuting attorney unless the court, in its discretion, so orders.*" (Emphasis added.)

A careful perusal of that section emphasizes the broad and unlimited discretion of the sentencing judge. By the use of the phrase "the trial court *may* hear" the Legislature did not intend that this section be mandatory and left it within the discretion of the trial court whether to hear testimony in mitigation of sentence. The section also emphasizes the broad discretion of the court by providing that the court shall determine whether sentence should *immediately* be imposed or the defendant placed on probation. The last part of the section above quoted provides that the probation report to the court shall be confidential and the contents of such probation report *need not be furnished or disclosed to the defendant or to his counsel.* Under this section, at the time of sentence the defendant has a right to be present, but the provisions of the section do not entitle a defendant to the type of judicial hearing claimed for Poffenbaugh under Section 2947.061, Revised Code.

We now quote from Section 2951.09, Revised Code,

the other section which defendant claims should be read *in pari materia* with Section 2947.061, Revised Code:

"When a defendant on probation is brought before the judge or magistrate under Section 2951.08 of the Revised Code, *such judge or magistrate shall immediately inquire into the conduct of the defendant,* and may terminate the probation and impose any sentence which might originally have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period. * * *" (Emphasis added.)

Does that statute, with the words "such judge or magistrate shall immediately inquire into the conduct of the defendant," entitle a defendant to a judicial hearing such as the defendant contends in this case is his right under Section 2947.061? This matter has been definitely determined by the Supreme Court in *State* v. *Theisen,* 167 Ohio St. 119, the entire syllabus of which case is as follows:

"1. The provision of Section 2951.09, Revised Code, that a judge or magistrate 'shall immediately inquire into the conduct of the defendant' prior to terminating a probation and imposing sentence, does not contemplate that such defendant be accorded a 'judicial inquiry' in the nature of a strict or formal trial, by jury or otherwise, or that he be given any notice of a hearing on termination of probation beyond that given him by his arrest as a suspected probation violator.

"2. The inquiry contemplated by Section 2951.09, Revised Code, may be summary and informal so long as it is an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that the trial court has not abused its discretion in failing to carry the probe deeper.

"3. A court in making such inquiry is not bound by the usual rules of evidence prescribed for a criminal trial, and its consideration of evidence tending to show a violation of the terms of probation is subject only to the exercise of sound judicial discretion."

To reaffirm the rule in *State* v. *Theisen, supra,* the Sup-

reme Court, in two cases decided in 1963, held that a defendant at a hearing on an alleged violation of probation is not entitled to the appointment of counsel. *Thomas* v. *Maxwell, Warden,* 175 Ohio St. 233; *Taber* v. *Maxwell, Warden,* 175 Ohio St. 373.

This rule in Ohio is generally followed in most of the other jurisdictions as indicated, as follows, in 21 American Jurisprudence 2d 536, Section 568:

"Although it is said that a hearing on the matter of revoking probation must be held pursuant to established rules of judicial procedure, a violation of the conditions of probation not being a criminal offense in itself, a proceeding to revoke probation is not a criminal prosecution, and *in the absence of a statutory requirement, a formal trial is not required.* In fact, proceedings to revoke probation are often regarded as informal or summary. While the right to counsel has been recognized, this view has not been uniformly followed.

"The sufficiency of the evidence to sustain an order revoking probation is a matter within the sound discretion of the trial court and its action will be reversed only upon a clear showing of abuse of discretion. The court cannot act arbitrarily, however, or according to whim or caprice." (Emphasis added.)

In the 1967 cumulative supplement of the same volume, page 22, the following three cases supporting the Ohio rule are as follows: *People* v. *Siegel,* 235 Cal. App. 2d 522, 45 Cal. Rep. 530; *Mempa* v. *Rhay,* 68 Wash. 2d 882, 416 P. 2d 104; *Scott* v. *State,* 238 Md. 265, 208 A. 2d 575.

Section 2947.061, Revised Code, is a postconviction remedy enacted by the legislature. As to the issue in this appeal, it is pertinent to compare this section with the well-known and frequently used Postconviction Remedy Act, Sections 2953.21 to 2953.24, inclusive, Revised Code. Section 2953.21, Revised Code, provides that a sentenced and confined defendant may file a petition in the trial court to vacate and set aside his judgment or sentence on the ground that during the trial there was a denial or infringement of his constitutional rights. This section fur-

ther provides the procedure and the guidelines as to whether a judicial hearing should be granted to the defendant. Under this section, should a judicial hearing be granted to the defendant, Section 2953.22, Revised Code, provides the procedure and necessary process for the transportation of the defendant from the penal institution to the county where the hearing is to be held. Section 2953.23, Revised Code, provides that the order of the court awarding or denying the relief sought in defendant's petition is a final order and appealable under Chapter 2953 of the Revised Code. Section 2953.24, Revised Code, provides for the appointment of counsel for the defendant, if indigent, both for the hearing in the trial court on the petition and on appeal when the relief is denied. In these sections, 2953.-21 to 2953.24, inclusive, Revised Code, every one of these specified provisions is a separate and express statutory right granted to the defendant by the Legislature enacting such sections.

Section 2947.061, Revised Code, with which we are herein concerned, grants to a defendant one express right —to file the motion to suspend further execution of his sentence and request probation.

In the state of Ohio all crimes and all criminal procedure, before and after sentence, are statutory, and the Legislature has assumed full responsibility for defining all crimes and prescribing all criminal procedures. Section 2947.061, Revised Code, makes no provision for a hearing or that any notice of hearing be served on the confined defendant. Nor does the section provide by what process the defendant, as an inmate of some penal institution, would be released and transported to the location of the trial court for such a hearing. If it was the legislative intent that a defendant be given a statutory right to a judicial hearing under that section, it was the duty and function of the Legislature to so provide expressly in the statute. Section 2947.061, Revised Code, is clear and unambiguous and requires no judicial interpretation or construction. The courts are without authority to engage in judicial legislation by adding or augmenting into a statute some mat-

ter. which was not within the contemplation or intention of the Legislature when the law was enacted.

If a judicial hearing is mandatory under Section 2947.061, Revised Code, then every defendant sentenced to a penal institution from now on could and would, by merely filing a motion, be entitled to be conveyed on a trip to the county where the hearing is to be held, and, if the motion was denied, then conveyed back to the penal institution. We seriously doubt that the sheriffs in the 88 counties in Ohio and all the penal institutions involved have the personnel, money, and time to be engaged in such a project. The Legislature will not be presumed to have intended to enact a law producing absurd or ridiculous consequences (*State, ex rel. Haines,* v. *Rhodes, Aud.,* 168 Ohio St. 165, 171).

In the answer brief filed by the prosecution herein, a motion to dismiss this appeal is incorporated and argued on the ground that the order of the trial court denying the defendant's motion is not a final order and is therefore, not reviewable.

If the denial of probation at the time of the original sentence is not a reviewable order, then, in the absence of a clear legislative provision, how can a denial of probation several months after a defendant is committed to a penal institution be reviewable?

Pertinent and comparable to the issues of this appeal is the case of *In re Varner,* 166 Ohio St. 340. After conviction, Varner was sentenced to the Ohio Reformatory where he served the minimum sentence and was released on parole. While on parole he was arrested on a felony charge, which charge was later dismissed. However, Varner was held in custody as a parole violator and after several months the Pardon and Parole Commission declared him a parole violator and ordered his return to the reformatory. Varner filed a petition in habeas corpus on the grounds that he had not been given any notice of any violation of his parole and had not been given a hearing before the commission on the alleged violation of his parole. We quote

several excerpts from the opinion by Judge (now Chief Justice) Taft in the *Varner case* as follows:

Page 345. "A strained construction of some of the language of our statutes relating to parole might support an inference of a legislative intent that there is to be a hearing before a prisoner on parole is declared to be a parole violator, or at least before the Pardon and Parole Commission determines that such violator should be again imprisoned. See Section 2965.21, Revised Code. *In our opinion, however, no such legislative intent should be recognized unless it has been clearly expressed. * * *"* (Emphasis added.)

Page 346. "There is *no express statutory requirement of any hearing* before the commission declares a parolee to be violator, and, where he is a violator, he may be arrested forthwith. Also, there is no apparent limitation provided with respect to the authority and power of the commission to determine that a parole violator should be imprisoned * * *" (Emphasis added.)

Page 347. "If under our statutes a convict has no right to a parole, it would seem that he should have no right to contest what may be in substance a revocation of his parole (that is the commission's declaring him to be a parole violator and determining that he should again be imprisoned) *unless there is a clear statutory expression* of an intent to confer such a right upon him. *We find no such statutory expression.*" (Emphasis added.)

The Supreme Court concluded that the action of the Pardon and Parole Commission was not reviewable.

In the *Poffenbaugh case* at hand we have the same determining factor which controlled the Supreme Court's finding in the *Varner case*—no clear and express statutory provision for a hearing or for an appeal therefrom. We, therefore, conclude that Poffenbaugh has only such rights as are expressly and clearly provided in Section 2947.061, Revised Code. The order of the trial court denying the motion filed by Poffenbaugh is not a final, appealable order and, therefore, not reviewable.

The motion to dismiss this appeal is, therefore, well taken and granted, and this appeal is dismissed.

*Appeal dismissed.*

Brown, J., concurs.

Smith, P. J., concurring. Section 2947.061, Revised Code, is a relatively new statute recently enacted by the Legislature with an effective date of October 30, 1965, and became a part of the criminal code in Chapter 2947 headed "Judgment; Sentence" and, as provided therein, is subject only to Sections 2951.03 to 2951.09, inclusive, Revised Code. *State* v. *Head,* 6 Ohio Misc. 157. It is not, therefore, subject to Section 2951.10, Revised Code, making the order thereunder a final, appealable order. Section 2951.10, Revised Code, appears in Chapter 2951 under the heading of "Probation" with an effective date of October 1, 1953, some 12 years prior to the enactment of Section 2947.-061. It is obvious that Section 2951.10 applies only to such orders in probation as are covered by the special chapter on "Probation" and does not cover the situation in the case at bar, initiated upon a motion under Section 2947.061 to "suspend the further execution of sentence," no probation proceedings theretofore having been initiated under Chapter 2951 of the Revised Code. It should be noted particularly that the language of Section 2947.061 provides for the permissive act of the trial judge and that "the trial court may, upon motion of the defendant * * * or upon the court's own motion" and "upon such terms as the court determines," suspend further execution of sentence and place the defendant on probation. The Common Pleas Court has plenary discretion. *State* v. *Allison,* 14 Ohio App. 2d. 55. Therefore, the order of the court on such motion is not a final, appealable order upon which this court can take jurisdiction on review.