IN RE REED, JUDGE.

(No. 6471—Decided December 17, 1969.)

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Donald A. Powell*, for applicant, Tonia S. Gaylan.

*Messrs. Alpeter, Diefenbach, Davies, Shaffer, Koerber & Lewis* and *Mr. Robert K. Lewis, Jr.*, for respondent.

HUNSICKER, P. J. This is a hearing on an affidavit of prejudice filed against Judge Evan J. Reed (a Judge of the Court of Common Pleas of Summit County), who was conducting a proceeding on an application for probation when, in the course of that proceeding, counsel for the defendant-applicant, objecting to certain acts of the trial judge, filed an affidavit of prejudice, saying:

"1. That Judge Evan J. Reed has a bias or prejudice against the defendant herein;

"2. That said bias and/or prejudice has been displayed by Judge Evan J. Reed in that he has assumed an adversary position in the defendant's probation hearing.

"3. That the said Judge Evan J. Reed has displayed the said bias and/or prejudice by calling witnesses and examining the said witnesses;

"4. That said Judge Evan J. Reed has called witnesses to testify involving charges pending against the defendant in the Municipal Court level and in that these Municipal Court charges have not been tried before the Municipal Court at this time.

"5. That one of the said witnesses testified that the defendant would have to come forward and dispute his testimony and in order to do this the defendant would have to waive her constitutional right to remain silent.

"6. That prior to the hearing herein this affiant did not know that Judge Evan J. Reed would follow the hereinbefore described course of action and therefore this affiant believes that reasonable cause exists to waive the three-day notice period as set forth in Section 2701.03 of the Ohio Revised Code."

Tonia S. Gaylan, the defendant-applicant, pleaded guilty on July 8, 1968, to the crime of possession of narcotics. The case was referred to the Adult Probation Department by the trial court. On October 4, 1968, the trial court approved the following journal entry:

"This day, to wit: the 4th day of October, A. D. 1968, upon due consideration of the court, it is hereby ordered that sentencing in this case be suspended until such time as the defendant has had the opportunity to be examined by Doctor Elliot Migdal for a period of three (3) months as provided for by Sections 2947.24 and .25 of the Revised Code of Ohio, and that said physician report his finding to the court as soon as possible; and during this three (3) month period, the defendant is to refrain from the use of narcotics and is to refrain from associating with any criminals or their relations; and further that she shall refrain from go-go dancing and shall not associate with Sandra Ball.

"It is further ordered that the costs of said examination be paid by the defendant, but be taxed as costs in this case."

Sentence was imposed on December 9, 1968; which this court set aside and remanded the cause for further proceedings in accord with the journal entry of October 4, 1968.

The order of October 4, 1968, was only a temporary suspension of the imposition of sentence and was not a definite probation order. The temporary order having expired, the trial court fixed a time for imposing sentence or granting probation. At such hearing, the defendant introduced evidence urging upon the trial judge the advisability of probation. The assistant prosecuting attorney also recommended probation. The Adult Probation Department, through its employees, recommended a sentence to a penal institution for women.

It is very apparent, from the argument presented before us, that all parties have mistaken the nature, extent, rights of parties, and purposes, of a probation hearing.

Section 2947.06, Revised Code, provides that a trial court may hear testimony in mitigation of sentence. This section must be read in connection with the statute providing for probation, which is found in a separate chapter of the Revised Code. The statute, which gives the right to the trial judge to grant probation to a convicted felon, is Section 2951.02, Revised Code, which reads as follows:

"Where the defendant has pleaded guilty, or has been

found guilty and it appears to the satisfaction of the judge or magistrate that the character of the defendant and the circumstances of the case are such that he is not likely again to engage in an offensive course of conduct, and the public good does not demand or require that he be immediately sentenced, such judge or magistrate may suspend the imposition of the sentence and place the defendant on probation upon such terms as such judge or magistrate determines. This section does not apply to juvenile delinquents."

Under Section 2951.03, Revised Code, no person is to be placed on probation, who is guilty of a felony, until a written confidential report is made by a probation officer and is filed with the court. This report need not be given to counsel for the state, or the defendant-applicant, unless the court, in its discretion, so orders.

Probation is not a matter of right to the convicted felon; it is by law a matter of discretion of the trial judge, and he need not give a reason or file an opinion in the proceedings. He need not consider probation but may proceed directly to sentence a convicted felon, without hearing any evidence, argument, or the recommendation of anyone. *State* v. *Curtis*, 2 Ohio App. 2d 31 at 36; *State* v. *Poffenbaugh*, 14 Ohio App. 2d 59; *Escoe* v. *Zerbst, Warden*, 295 U. S. 490, 79 L. Ed. 1566, 55 S. Ct. 818.

In the event the trial judge does grant a hearing to determine whether he, in his discretion, should grant probation, such hearing is not an adversary proceeding. The trial judge need not permit direct examination and cross-examination of any witness. He need not permit counsel the opportunity to interpose objections to the conduct of any examination. Counsel may advise his client, but counsel may not control the judge by seeking to limit the extent and breadth of the inquiry as to his client's acts.

The trial judge may call as witnesses those whom he desires and may hear their testimony concerning the chief question under investigation, which is: Is the applicant likely again to engage in an offensive course of conduct, and does the public good demand or require that he immediately sentence the convicted felon to imprisonment?

We have a feeling that the parties have confused the nonadversary probation proceedings with the adversary violation of probation hearings. Violation of probation hearings do permit an adversary proceeding, but that is not the matter we have before us here. *Mempa* v. *Rhay*, 389 U. S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254.

The appeal herein is to the good graces of the judge; it is not to antagonize the judge but to win him to your point of view, for his discretion is not encouraged by attempts to block his inquiry.

We find no violation of good practice on the part of the trial judge in the conduct of this probation matter. The affidavit of prejudice is dismissed.

*Affidavit dismissed.*