The STATE of Ohio, Appellee,

v.

HATFIELD, Appellant.

[Cite as *State v. Hatfield* (1990), 61 Ohio App.3d 427.]

Court of Appeals of Ohio,
Montgomery County.

No. 11897.

Decided Oct. 26, 1990.

*Lee C. Falke,* prosecuting attorney, and *Walter F. Ruf,* for appellee. *Daniel J. O'Brien,* for appellant.

BROGAN, Judge.

Darrel Stephen Hatfield appeals from the denial of his motion for shock probation under R.C. 2947.061. Hatfield asserts that a defendant who has been sentenced to consecutive terms of imprisonment may move for shock probation between thirty to sixty days after the commencement of *each* of his sentences. We disagree, and affirm the decision of the trial court.

Hatfield plead guilty to passing bad checks in excess of $5,000, R.C. 2913.11, and securing writings by deception in excess of $5,000, R.C. 2913.43. These convictions carried specifications for a prior offense of violence. Hatfield was sentenced to two years' imprisonment on the bad checks, consecutive to two to ten years for securing writings by deception.

Hatfield was delivered into the custody of the State Penal Authority on June 30, 1988. On August 29, 1988, he moved for shock probation, and was denied. On March 16, 1989, Hatfield moved for super shock probation. The trial court held that super shock was not available since he was not convicted of an aggravated felony.

On October 3, 1989, Hatfield again moved for shock probation, claiming that he had "served his entire initial first sentence of two (2) years,"[1] and therefore was entitled to request relief from the commencement of his second consecutive sentence. The trial court overruled the motion, and Hatfield now appeals.

A threshold question presented to us by the state is whether the denial of Hatfield's motion was a final appealable order. We find that it was.

A number of courts have held that neither the granting nor denial of shock probation is reviewable. See, e.g., *State v. Poffenbaugh* (1968), 14 Ohio App.2d 59, 43 O.O.2d 191, 237 N.E.2d 147; but, see, as to granting only, *State v. Fisher* (1988), 35 Ohio St.3d 22, 517 N.E.2d 911. The rationale most often expressed for these holdings is reflected in the Court of Appeals for Hamilton

---

1. Hatfield did not in fact serve an entire two years before moving for shock probation a second time. Hatfield was not incarcerated for two years until June 30, 1990. Therefore, under his reading of R.C. 2947.061, his "window of opportunity" for requesting shock probation occurred from July 31, 1990 to August 30, 1990. Even crediting Hatfield with the maximum time off for good behavior and days of credit under R.C. 2967.19 and 2967.193, his first sentence at best ended on October 30, 1989, thus requiring the motion to have been made between November 29, 1989 and December 29, 1989. Even if we were to adopt his interpretation of shock probation, Hatfield's motion would still have to be overruled because it was filed too *early*. *State, ex rel. Dallman, v. Court of Common Pleas* (1976), 32 Ohio App.2d 102, 61 O.O.2d 97, 288 N.E.2d 303. However, since the state does not advance this argument, and Hatfield's "window of opportunity" both opened and closed during the pendency of this appeal, we will address the merits of his contentions in the interests of justice.

County's reasoning in *State v. Jones* (1987), 40 Ohio App.3d 123, 532 N.E.2d 153, syllabus, that:

"Although it results from a special proceeding, an order denying shock probation under R.C. 2947.061 does not affect a substantial right, and is, therefore, not generally considered to be a final appealable order."

The court also stated that:

" * * * [W]e note that the disposition of a motion for shock probation made while the convicted person is serving a sentence pursuant to a judgment is a 'special proceeding,' and that whatever standards may control the *granting* of shock probation in R.C. 2951.02 to 2951.09, the *denial* of shock probation is not subject to any statutory or constitutional standards or requirements. The decision to deny is reposed exclusively in the discretion of the trial court. The movant for shock probation has no 'substantial right' entitling him to shock probation and, therefore, the denial of his motion is not 'an order that affects a substantial right made in a special proceeding * * *.' R.C. 2505.02. It is not a final appealable order." (Emphasis *sic*.) *Jones, supra*, 40 Ohio App.3d at 124, 532 N.E.2d at 154.

We do not reach the issue of whether denials of shock probation motions are generally reviewable, however, because we find that the instant case falls into a well recognized exception. When the denial of shock probation is accompanied by a constitutional or statutory violation, it is a final appealable order because the petitioning inmate has a "substantial right" to procedural due process. *State v. Delaney* (1983), 9 Ohio App.3d 47, 9 OBR 50, 458 N.E.2d 462. In construing its holding in *Delaney, supra*, the court of appeals held that a defendant's claim that the trial court improperly construed when the thirty to sixty day time period for filing a motion for shock probation commenced was reviewable, because it involved an alleged statutory violation as to proper procedure. *State v. Harris* (Dec. 24, 1987), Cuyahoga App. No. 53919, unreported, 1987 WL 30381. Since Hatfield asserts this same statutory violation, the decision in question is a final appealable order.

Hatfield asserts two assignments of error, which he argues together. Hatfield's sole contention is that R.C. 2947.061 provides a defendant with the opportunity to move for shock probation after the commencement of each of his consecutive sentences. We are not in accord.

R.C. 2947.061(A), the statute governing shock probation, reads:

"Subject to sections 2951.02 to 2951.09 of the Revised Code, the trial court may, *upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin*

*serving his sentence,* or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.

"The court shall hear any such motion within sixty days after the filing date thereof and shall enter its ruling thereon within ten days thereafter.

"This division does not apply to a defendant who is sentenced for the commission of an aggravated felony of the first, second, or third degree." (Emphasis added.)

The thirty-day period within which to file the shock probation motion is triggered by the "delivery" of the defendant to the penal institution. The plain meaning of the word "delivery" is the "transfer of the body or substance of a thing." Webster's Third New International Dictionary (1986) 597. A prisoner is physically transferred to prison only once. The process is not repeated with the commencement of each new consecutive sentence. Therefore, for purposes of R.C. 2947.061(A), a defendant is "delivered" to the penal institution when he physically arrives there for the first time. His opportunity to request shock probation is thus not less than thirty days nor more than sixty days after his initial date of arrival.

This construction comports with the Court of Appeals for Cuyahoga County's holding that a defendant who was convicted of aggravated assault cannot wait until after he has first served his mandatory three-year gun specification sentence to request shock probation. *State v. Harris* (Dec. 24, 1987), Cuyahoga App. No. 53919, unreported, 1987 WL 30381, limited on other grounds in *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198.

■ Hatfield argues that this interpretation is contrary to the intent of the General Assembly in creating shock probation. We find the legislative intent to be the exact opposite of what Hatfield urges. " * * * The premise [behind R.C. 2947.061] is, when the defendant hears the prison doors slam shut, he will become so remorseful that he will sin no more. * * * " 1 Anderson's Ohio Criminal Practice and Procedure (1989) 137, Section 38.101. The underlying theory is to immerse a defendant in the penal system for a short time so as to "shock" him into a non-criminal life style after probation. *State v. Head* (1966), 6 Ohio Misc. 157, 35 O.O.2d 288, 217 N.E.2d 56; Ammer, Shock Probation in Ohio—A New Concept in Corrections After Seven Years in the Courts (1974), 3 Cap.U.L.Rev. 33. These purposes would be thwarted by Hatfield's interpretation of the statute.

Hatfield argues that shock probation is identical to super shock probation, which provides that "[a] defendant shall not file more than one motion *pursuant to this division* for each sentence imposed upon him * * *." (Emphasis added.) R.C. 2947.061(B). As indicated by the emphasized language, this provision is expressly limited to super shock probation, for which Hatfield is not eligible since he was not convicted of an aggravated felony of the first, second, or third degree. Shock and super shock probation place different limitations on the filing of motions. Shock probation provides a single thirty-day period within which an inmate must file his motion. Super shock probation allows a motion to be filed at *any time* after six months, but he may only file a number of times equal to his number of convictions. Thus, in regard to the procedure for filing motions, the two divisions cannot be read *in pari materia*, as Hatfield urges, without completely rewriting the statute. This we cannot do.

Both of Hatfield's assignments of error having been found to be not well-taken, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

WILSON and GRADY, JJ., concur.