The STATE of Ohio, Appellee,

v.

LEDBETTER, Appellant.

[Cite as *State v. Ledbetter* (1991), 72 Ohio App.3d 377.]

Court of Appeals of Ohio,
Clermont County.

No. CA90–12–112.

Decided Feb. 4, 1991.

*Donald W. White*, Prosecuting Attorney, for appellee.

*Russell D. Ledbetter, pro se.*

---

*Per Curiam.*

■ Defendant-appellant, Russell D. Ledbetter, appeals a decision of the Clermont County Court of Common Pleas overruling his motion for conditional probation of a drug dependent person pursuant to R.C. 2951.04.[1] Appellant was convicted of theft, robbery and abduction. A judgment entry sentencing appellant was filed on October 28, 1988. Over two years later, on November 1, 1990, appellant filed the motion for conditional probation which was overruled by the trial court without a hearing. This appeal followed. However, we cannot reach the merits of this appeal because we hold, *sua sponte*, that it must be dismissed for lack of a final appealable order.

■ R.C. 2953.02 states that "[i]n a criminal case * * * the judgment or final order of a court of record inferior to the court of appeals may be reviewed in the court of appeals." Generally the sentence in a criminal case is the judgment. *State v. Hunt* (1976), 47 Ohio St.2d 170, 174, 1 O.O.3d 99, 101, 351 N.E.2d 106, 109. However, an appellate court may review other "final orders" in criminal cases as that term is defined in R.C. 2505.02. *State v. Scott* (1984), 20 Ohio App.3d 215, 216, 20 OBR 261, 262, 485 N.E.2d 818, 819. R.C. 2505.02 provides that " * * * an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * * " is a final order.

Our research reveals very little case law on the issue now before us. However, in *State v. Robinson* (Mar. 1, 1977), Franklin App. No. 76AP–747, unreported, the Franklin County Court of Appeals concluded that an order

---

1. R.C. 2951.04 provides:

"(B) Within a reasonable time after receipt of the request for conditional probation, the court shall hold a hearing to determine if the offender is eligible for conditional probation. The offender is eligible for conditional probation if the court finds that:

"(1) The offender is drug dependent or is in danger of becoming drug dependent and he may benefit from treatment;

"(2) The offender has been accepted into an appropriate drug treatment facility or program. * * *

"(3) The offender has committed an offense for which probation may be granted in accordance with section 2951.02 of the Revised Code. * * *

"(C) If the court finds that an offender is eligible for conditional probation, the court may suspend execution of the sentence imposed after completion of any period of actual incarceration which may be required by Chapter 2925 of the Revised Code, and place the offender on probation subject to this chapter and under the control and supervision of the county probation department or the adult parole authority."

denying conditional probation pursuant to R.C. 2951.04 was not a final appealable order because nothing in that statute confers a right of appeal. The court further noted that no other statute confers a right of appeal from a denial of this type of motion made subsequent to the entry of judgment and sentence:

" * * * Nowhere is there any provision for an appeal from an order denying conditional probation pursuant to R.C. 2951.04 although such issue may well be raised in connection with an appeal from judgment and sentence where the motion is made prior to the entering thereof. In this case, the motion having been made and overruled long after the entering of judgment and sentence, there is no final appealable order from which defendant may appeal as of right." *Id.* at 4.

We find the *Robinson* court's reasoning to be persuasive.

We find additional support for the conclusion that an order denying a motion for conditional probation is not a final appealable order by way of analogy. R.C. 2947.061,[2] dealing with shock probation, is substantially similar to R.C. 2951.04. In a number of cases, courts have held that an order denying a motion for shock probation is not a final appealable order.

In *State v. Poffenbaugh* (1968), 14 Ohio App.2d 59, 43 O.O.2d 191, 237 N.E.2d 147, the court stated that the legislature has full responsibility for defining all crimes and prescribing all criminal procedures. "The courts are without authority to engage in judicial legislation by adding or augmenting into a statute some matter which was not within the contemplation or intention of the Legislature when the law was enacted." *Id.* at 65–66, 43 O.O.2d at 195, 237 N.E.2d at 151. The court went on to note that R.C. 2947.061 grants to a criminal defendant one express right, *i.e.*, to file a motion

---

2. R.C. 2947.061 provides:

"(A) Subject to sections 2951.02 to 2951.09 of the Revised Code, the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.

" * * *

"(B) Subject to sections 2951.02 to 2951.09 of the Revised Code and notwithstanding the expiration of the term of court during which the defendant was sentenced, the trial court may, upon the motion of the defendant, suspend the further execution of the defendant's sentence and place the defendant on probation upon such terms as the court determines, if the defendant was sentenced for an aggravated felony of the first, second, or third degree, is not serving a term of actual incarceration, is confined in a state penal or reformatory institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction."

to suspend further execution of his sentence and request probation. It concluded that because a defendant has only such rights as are clearly and expressly provided in the statute and because the statute does not confer a right of appeal, an order denying a motion for shock probation is not a final appealable order. *Poffenbaugh, supra,* 14 Ohio App.2d at 67, 43 O.O.2d at 196, 237 N.E.2d at 152.

Similarly, a defendant who files a motion for conditional probation pursuant to R.C. 2951.04 has only those rights expressly provided for in the statute. As pointed out by *Robinson, supra,* nothing in R.C. 2951.04 confers a right of appeal. Both R.C. 2947.061 and 2951.04 stand in stark contrast to R.C. 2953.21 *et seq.,* which governs petitions for post-conviction relief. R.C. 2953.23 specifically provides that an order granting or denying post-conviction relief is a final judgment which may be appealed. See *Poffenbaugh, supra,* at 64–65, 43 O.O.2d at 194–95, 237 N.E.2d at 151.

Using different reasoning, the court in *State v. Jones* (1987), 40 Ohio App.3d 123, 532 N.E.2d 153, also held that an order denying shock probation is not a final appealable order. It concluded that such an order was not reviewable absent a violation of some constitutional or statutory standard. " * * * Whatever standards may control the *granting* of shock probation * * *, the *denial* of shock probation is not subject to any statutory or constitutional standards or requirements. The decision to deny is reposed exclusively in the discretion of the trial court." (Emphasis *sic.*) *Id.* at 124, 532 N.E.2d at 154. Thus, the movant has no "substantial right" to shock probation and the denial of a motion for shock probation is not "an order that affects a substantial right in a special proceeding." *Id.* at 124, 532 N.E.2d at 154.

Similarly, in *State, ex rel. Dallman, v. Court of Common Pleas* (1972), 32 Ohio App.2d 102, 108, 61 O.O.2d 97, 101, 288 N.E.2d 303, 307, the court stated that "the judgment or order contemplated by statute following a hearing on a motion for 'shock' probation involves the unfettered exercise of judicial discretion in determining whether probation shall be granted, such probation being a matter of grace and clemency and not as a matter of right. The propriety of the court's conclusion arising from such exercise of discretion is not reviewable, although its right to exercise such discretion would be."

We find that the reasoning expressed in *Jones, supra,* and *Dallman, supra,* also applies to R.C. 2951.04. R.C. 2951.04(B) requires the trial court to hold a hearing to determine if the movant is eligible for conditional probation. If the movant is eligible, the court *may* place the movant on probation. R.C. 2951.04(C). This decision, like others regarding probation, lies exclusively within the discretion of the trial court. *State v. Lemberg* (Sept. 8, 1987), Clermont App. No. CA87–05–035, unreported, at 3, 1987 WL 16581. As is the

case with shock probation, whatever standards govern the decision of whether the movant is eligible for conditional probation and whether the motion should be granted, the decision to deny the motion is not subject to any constitutional or statutory standards. There is no right to conditional probation just as there is no right to shock probation. Therefore, an order denying a motion for conditional probation does not affect a "substantial right" within the meaning of R.C. 2505.02 and is not a final appealable order.

In accordance with the foregoing, it is the order of this court that the within appeal be, and the same hereby is, dismissed.

Costs to be taxed in compliance with App.R. 24.

*Appeal dismissed.*

JONES, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.