On April 12, 1999, appellant filed two separate notices of appeal from the March 10, 1999 "Entry" filed in State v.Perotti, Common Pleas Case 88 CR 262, which denies appellant's motion for conditional probation. These cases are ordered suasponte consolidated. In addition, appellant asks for an order to provide him a complete copy of the record and transcripts.
We sua sponte consider the question of whether the March 10th judgment is a final appealable order as defined by R.C.2505.02. Revised Code 2505.02 sets forth the definitions of orders which are final orders which may be reviewed, affirmed, modified, or reversed with or without retrial. The final judgment in Case No. 88 CR262 was issued on September 5, 1989. Appellant's motion for conditional probation was filed on February 24, 1999. The only portion of R.C. 2505.02 which applies to a motion made on summary application after a judgment is R.C. 2505.02(B)(2) which provides that an order is final and appealable if it "affects a substantial right made * * * upon summary application after judgment" R.C.2505.02(B)(2).
Does the March 10th "Entry" affect a substantial right? Pursuant to R.C. 2505.02(A)(1) a "substantial right" is a right that a person is entitled to protect under the United States Constitution, the Ohio Constitution, a statute, the common law, or a procedural rule. Appellant's motion was made pursuant to R.C. 2951.04. That statute does not confer a right of appeal on one who makes his motion for conditional probationafter the judgment of conviction. Appellant herein was convicted eleven years before filing his motion. There is no right to any type of probation, thus, the denial of a motion for conditional probation does not affect a substantial right.State v. Ledbetter (1991), 72 Ohio App.3d 377. See, also, Statev. Chalender (1994), 99 Ohio App.3d 4. Accordingly, we find that the denial of a conditional probation motion is not a final appealable order.
Appellant's motion for the record and transcripts are denied.
Appeal DISMISSED. Costs to Appellant.
Abele, J. and Evans, J.:
Concur.
 _______________________________ Roger L. Kline Presiding Judge