DECISION AND JUDGMENT ENTRY
Appellee, the state of Ohio, has filed a motion to dismiss defendant Ollie Mastronardi's appeal filed on June 11, 1999. Appellant has filed a memorandum in opposition to the motion to dismiss. Mastronardi was convicted of vehicular homicide and sentenced to five to ten years on May 24, 1996. In 1999, Mastronardi filed a motion for shock probation which was granted on May 14, 1999. One of the terms of probation is that Mastronardi pay, in specified installments and over no more than four years, the judgment rendered against him in the wrongful death legal action for civil damages in connection with this incident. Mastronardi timely filed his appeal from this order, alleging that the trial court can not lawfully impose this condition of probation.
The state of Ohio filed its motion to dismiss this appeal stating that the order "granting appellant's motion for shock probation * * * is not a final appealable order." In support of this statement, the state cites State v. Poffenbaugh (1968),14 Ohio App.2d 59, which holds that the denial of a motion for shock probation is not a final appealable order. This case, however, is one where the motion for shock probation was granted. Appellant responds with the argument that "where the denial or granting of the Motion for Shock Probation is accompanied by a constitutional or statutory violation" the order is final and appealable. Appellant cites State v. Hatfield (1990), 61 Ohio App.3d 427 in support.
In this court's view, Mastronardi is not appealing from the grant or denial of his motion for shock probation, but instead is appealing from the imposition of a condition of shock probation. This court has held that a defendant can challenge the imposition of a probation condition on direct appeal. Casdorphv. Kohl (1993), 90 Ohio App.3d 294 at 295. We see no material difference between a case where the probation condition is set at the time of sentencing and one where the condition is set in connection with the grant of shock probation. Accordingly, we find the motion to dismiss not well-taken.
 Peter M. Handwork, P.J.___________________________________ JUDGE
 Melvin L. Resnick, J._____________________________________ JUDGE
 Richard W. Knepper, J.____________________________________ JUDGE
CONCUR