OPINION
This appeal arises from the trial court's decision to deny Appellant's motion for conditional probation pursuant to R.C. § 2951.04. For the following reasons, this appeal is dismissed for lack of a final appealable order.
On January 25, 1993, Appellant Kevin Mason pleaded guilty to ten counts of aggravated drug trafficking in cocaine in violation of R.C. §2925.03, a third degree felony. (J.E. 1/27/93). The trial court sentenced Appellant to two years incarceration on each count. The sentences for five counts were to be served concurrently while the sentences for the remaining five counts were to be served consecutively. (J.E. 1/27/93). The court also imposed a fine of $1,500.00 for one of the counts and found Appellant indigent with respect to the remaining counts. (J.E. 1/27/93). The court suspended the sentence and thereupon placed Appellant on five years probation to commence upon his release from incarceration for a federal parole violation. (J.E. 1/27/93).
On May 10, 1995, the trial court filed a judgment entry revoking Appellant's probation. The court found that Appellant violated the terms of his probation in that he was convicted in Steubenville Municipal Court of possession of drug paraphernalia and failed to pay the fine and court costs in the underlying case. The court then reinstated Appellant's previously suspended sentence.
On November 6, 1995, Appellant filed a motion for leave to file a delayed appeal and notice of delayed appeal with this Court. However, this Court sua sponte dismissed the Appeal by journal entry filed on December 19, 1995.
On May 1, 1997, Appellant filed a pro se motion for conditional probation pursuant to R.C. § 2951.04. By a judgment entry filed on September 11, 1997, the trial court overruled the motion stating that the statute cited by Appellant was repealed. However, the trial court considered Appellant's motion in light of R.C. § 2951.041 concerning treatment in lieu of conviction. The trial court stated that Appellant was represented by counsel at his original sentencing. Since he did not raise the issue at that time, the motion was untimely. The trial court further stated that Appellant was a repeat offender and therefore not eligible for the relief he was seeking. The court also concluded that conditional probation was not available, as Appellant received probation for the underlying offense, which probation was subsequently revoked.
On October 1, 1997, Appellant forwarded a pro se notice of appeal with attached assignments of error to the trial court which the clerk filed on October 14, 1997. Appellant also requested the appointment of counsel.
By a journal entry filed on May 22, 2000, this Court appointed counsel for Appellant and granted counsel 60 days to file a brief. Neither Appellant's counsel nor the state has filed a brief.
Appellant does not state a specific assignment of error but clearly argues that the trial court erred in not granting him an evidentiary hearing and in denying his motion for conditional probation. We need not address the underlying merits of Appellant's argument as we must dismiss this appeal for lack of a final appealable order.
Former R.C. § 2951.04, which was in effect at the time of Appellant's conviction, provided that a trial court could impose conditional probation on an eligible defendant who was drug dependent or at risk of becoming drug dependent. However, it is well settled that the denial of a motion for conditional probation pursuant to R.C. §2951.04 is not a final appealable order. State v. Boyd (1994)95 Ohio App.3d 679, 687; State v. Chalender (1994) 99 Ohio App.3d 4, 5;State v. Ledbetter (1991), 72 Ohio App.3d 377, 381; State v. Perotti
(May 18, 1999), Scioto App. No. 99 CA 2646, unreported; State v. Bunt
(Feb. 9, 1999), Lorain App. No. 97 CA 048989, unreported; State v. Drake
(Sept. 3, 1992), Franklin App. No. 91 AP-978, unreported. R.C. §2953.02 provides that generally, in a criminal case, the judgment or final order of a court of record inferior to the court of appeals may be reviewed by the court of appeals. State v. Ledbetter, 378. The sentence in a criminal case is usually considered as part of the judgment. Id. An appellate court may review other "final orders" in criminal cases pursuant to R.C. § 2505.02. State v. Ledbetter, 378. According to R.C. §2505.02, an order that affects a substantial right made in a special proceeding is a final order. State v. Ledbetter, 278.
A defendant seeking conditional probation pursuant to R.C. §2951.04 has only those rights expressly provided for in the statute. Nothing in R.C. § 2951.04 confers a right to appeal. State v.Ledbetter, 380. Furthermore, the denial of a motion for conditional probation does not affect a substantial right within the meaning of R.C. § 2505.02 and is not a final appealable order. State v. Ledbetter, 381.
Appellant next argues that the trial court denied him the right to counsel. The trial court record contains no request for the appointment of counsel, nor does it reflect any denial of the same. An appellate court is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal. Slone v. Board ofEmbalmers Funeral Directors of Ohio (1997), 123 Ohio App.3d 545, 548; App.R. 3(D).
As Appellant has not presented this Court with a final appealable order, this appeal is dismissed.
Donofrio, J., concurs, Vukovich, J., concurs.