OPINION
The State of Ohio appeals from a judgment of the Montgomery County Court of Common Pleas, which granted Linda Anderson-Melton's motion for judicial release.
In September 1998, Anderson-Melton was sentenced to three consecutive sentences for fourth or fifth degree felonies: first, twelve months for receiving stolen property; second, eleven months for insurance fraud, and; third, twelve months for illegal use of food stamps. Several other sentences ran concurrently with these sentences. In September 2000, Anderson-Melton filed a motion for judicial release. The trial court granted the motion on January 5, 2001. The state appeals, raising one assignment of error.
 THE TRIAL COURT ERRED IN GRANTING MELTON'S MOTION FOR JUDICIAL RELEASE BECAUSE THE MOTION WAS NOT FILED WITHIN THE REQUIRED STATUTORY TIME LIMITS.
The state argues that the trial court erred in granting Anderson-Melton's motion for judicial release because it was not filed within the time requirements set forth in R.C. 2929.20(B)(1). Anderson-Melton claims that her motion was timely.
R.C. 2929.20(B)(1) provides:
 (B) Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. * * * An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
 (1) * * * [I]f the stated prison term was imposed for a felony of the fourth or fifth degree, the eligible offender may file the motion not earlier than thirty days or later than ninety days after the offender is delivered to a state correctional institution.
The parties agree that Anderson-Melton was an eligible offender.
Anderson-Melton argues, and the trial court found, that pursuant to R.C. 2929.20(B)(1), there was a sixty day window for filing a motion for judicial release that began thirty days after the commencement of each of her three consecutive sentences. Thus, she argues, her motion for judicial release filed in September 2000 was timely because it was filed not earlier than thirty days or later than ninety days after the commencement of her third sentence. The trial court agreed with this argument. The state contends that the trial court erred in adopting this position because the term "stated prison term" as used in R.C.2929.20(B)(1) and defined in R.C. 2929.01(HH) includes combined prison terms such as the consecutive sentences imposed in this case. In the state's view, then, Anderson-Melton had been required to file any motion for judicial release no earlier than thirty days and no later than ninety days after she was delivered to a state correctional institution to begin her sentence, and the motion filed in September 2000 was untimely.
R.C. 2929.01(HH) defines "stated prison term" as "the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court * * *." In our view, the R.C.2929.20(B)(1) provision for judicial release, when read in conjunction with R.C. 2929.01(HH), clearly does not allow for the filing of motions for judicial release at the outset of each sentence in a string of consecutive sentences. It expressly provides that a combination of prison terms, such as a series of consecutive sentences, be treated as one "stated prison term," not as multiple terms. Moreover, in R.C.2929.20(B)(1), the time for filing a motion for judicial release is triggered by delivery to a state correctional institution, and we cannot reasonably conclude that Anderson-Melton was "delivered" to prison each time she began a new portion of her sentence. We have reached similar conclusions in analogous shock probation cases in the past. See, e.g.,State v. Hatfield (1990), 61 Ohio App.3d 427; State v. Hartzell (June 26, 1998), Montgomery App. No. 16879, unreported; State v. Humphrey
(Mar. 25, 1992), Montgomery App. No. 12952, unreported. Although the legislature could have chosen to provide a mechanism whereby those serving consecutive sentences could file a motion for judicial release after some of the sentences had been served, rather than at the outset, it has not done so. We are unpersuaded that the statute is ambiguous or subject to multiple interpretations, as Anderson-Melton suggests. Thus, the trial court erred in granting Anderson-Melton's motion for judicial release.
In the alternative, Anderson-Melton argues that, because she had filed an earlier motion for judicial release which the trial court had overruled without a hearing, the trial court had retained jurisdiction to consider subsequent motions pursuant to R.C. 2929.20(C). The earlier motion was filed on December 28, 1998, and was denied by the trial court in a somewhat cryptic judgment entry on February 10, 1999. The reasons for the trial court's denial are unclear. It is apparent from the record before us, however, that Anderson-Melton's December 28, 1998 motion for judicial release was untimely. Anderson-Melton was convicted on September 11, 1998, and she testified at the hearing on the current motion that she had been delivered to prison on September 15, 1998. The probation department report also indicated that Anderson-Melton had been delivered to prison on September 15, 1998. Anderson-Melton's December 28, 1998 motion for judicial release was filed later than ninety days after her delivery to a state correctional institution and thus did not comport with the requirements of R.C. 2929.20(B)(1). Because the December 1998 motion was untimely, the trial court could not have retained the authority to consider subsequent motions for judicial release based on its disposition of this motion.
The state's assignment of error is sustained.
The judgment of the trial court will be reversed.
BROGAN, J. and YOUNG, J., concur.