OPINION
This appeal is brought by Humberto Perez from the judgment of the Court of Common Pleas, Defiance County, revoking his community control sanctions and sentencing him to eighteen months incarceration.
The record presents the following facts. On May 12, 2000, defendant-appellant Humberto Perez was indicted on two counts of trafficking cocaine, a violation of R.C. 2925.03(A)(C)(4)(a), a fifth degree felony. Thereafter, Perez entered guilty pleas to both counts and was sentenced to a twenty-two month prison term.
On February 6, 2001, the trial court granted Perez judicial release and placed him on community control sanctions for a period of four years under the standard terms and conditions with the additional special condition that he would not enter any bars or taverns and would not possess or consume alcoholic beverages. On September 25, 2001 the state filed a Motion to revoke the defendant-appellant's community control based on allegations that he had violated the terms of his release by using cocaine and marijuana and by failing to attend his drug and alcohol treatment as directed.
On November 5, 2001 Perez appeared before the trial court and waived his right to a final adjudicatory hearing on the matter of his parole violation in exchange for the State's promise to recommend eighteen months incarceration and to not pursue pending charges against him relating to cocaine possession. The trial court accepted the plea and imposed an eighteen-month prison term. It is from this judgment of sentencing that Perez now appeals.
Appellant raises the following assignments of error:
 The trial court denied the Defendant due process of equal protection when it failed to allow the Defendant to introduce evidence.
 The trial court erred when it allowed Mr. Sanford to make comments about the Defendant's case with any affirmative showing that he was the Defendant's probation officer.
 The Defendant had inadequate assistance of counsel where the counsel failed to develop a line of questioning, introduce evidence or proffer the evidence into the record.
In his first and second assignments of error, Appellant alleges that he was denied due process of law when (1) the trial court refused to allow him to introduce evidence of an "illness" that caused him to miss appointments and thereby violate his community control sanctions; and (2) when the trial court allowed the defendant's probation officer to speak at the hearing. Since he fails to demonstrate both error and prejudice, both assignments of error fail.
A defendant whose probation may be revoked as a result of a probation violation is entitled to due process. State v. Marvin (June 23, 1999), Union App. Nos. 14-98-54, 14-98-59, unreported (citing Gagnon v.Scarpelli (1973), 411 U.S. 778, 786.) The minimum due process requirements of probation revocation hearings extend to hearings to revoke community control sanctions. State v. Todd (March 29, 1999), Wyandot App. No. 2-98-25, unreported. Due process requires (a) written notice of claimed violations; (b) disclosure of evidence; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) right to confront and cross-examine adverse witnesses, unless hearing officer specifically finds good cause for not allowing confrontation; (e) "neutral and detached" hearing body such as traditional parole board; (f) written statement by fact finders as to evidence relied on and reasons for revocation. State v. Delaney (1984),11 Ohio St.3d 231, 234.
The due process rights, as explained above, apply to the adjudicatory phase of a revocation hearing, also known as the "guilt phase". However, Perez alleges that he was denied due process during the dispositional or sentencing phase of his hearing, after he knowingly and voluntarily waived his right to an adjudicatory hearing and admitted on the record to violating the terms of his community control. A criminal defendant's rights during the sentencing phase of a criminal proceeding can be found in Crim.R. 32 which, inter alia, provides that the sentencing court shall afford the defendant the opportunity to make a statement in his or her own behalf or present any information in mitigation of punishment. Notably, Crim.R. 32 does not state that a defendant should be allowed to present evidence in support of the statement in mitigation. Therefore, Perez's assertion that that he should have been allowed to present evidence to prove that he missed his drug and alcohol appointments due to illness is unsupported by law.
Next, Appellant asserts that it was error for the trial court to ask a person, identified on the record only as Mr. Sanford, a question during the dispositional phase of the hearing without being identified on the record or sworn in to testify. The record indicates that the court asked Mr. Sanford a question in order to ascertain the appellant's amenity to further community control. Ohio Evidence Rule 101(C) excepts application of the Rules of Evidence, including the hearsay rule, from certain proceedings, to include proceedings concerning community control sanctions. Evid.R. 101(C)(3); State v. Cook (1998), 83 Ohio St.3d 404,425. Moreover, a sentencing court has the discretion to conduct an examination of witnesses, with or without the help of counsel; call witnesses other than those presented by the prosecutor, or counsel for the defendant; and make an independent probation inquiry of such scope as he deems necessary. In re Reed (1969) 21 Ohio App.2d 1. Accordingly, it was not error for the trial court to ask and for Mr. Sanford to answer a questing during the dispositional phase of the revocation hearing.
Furthermore, in order to secure reversal of a judgment against him, the Appellant must not only show some error but must also show that the error was prejudicial to him. Smith v. Flesher (1967) 12 Ohio St.2d 107. Appellant has failed to show prejudice resulting from either of his first two assignments of error since the court imposed the proper sentence pursuant to the stated sentencing guidelines.
Pursuant to R.C. 2929.15(B), when an offender violates a community control sanction the trial court may impose a longer time under the same sanction, a more restrictive sanction, or a prison term. When the trial court elects to impose a prison term on a violator, the length of the term imposed must be within the range of prison terms available for the offense for which the sanction that was violated was imposed. State v.Brown (2000), 136 Ohio App.3d 816. Pursuant to R.C. §2929.14(A)(5), an offender convicted of a felony of the fifth degree may generally be sentenced to a prison term ranging from six to twelve months. Perez originally pled guilty to two counts of cocaine trafficking, a fifth degree felony and therefore could have been sentenced to as much as twenty-four months in prison. The eighteen-month prison sentence imposed upon him for violating his community control sanctions is therefore within the range of prison terms available for the original two trafficking offenses. Accordingly, Appellant's first and second assignments of error are overruled.
In his third assignment of error, Perez argues that he had "inadequate" assistance of counsel because his attorney failed to develop a line of questioning, introduce evidence or proffer evidence into the record. In support of his argument Perez presents a laundry list of actions his attorney could have taken and that could have lead to the court imposing a different sentence. We find this argument to be completely without merit.
In order to show ineffective assistance of counsel a defendant must first show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable. Strickland v. Washington (1984),466 U.S. 668, 687. Appellant's claim fails under Strickland for he has failed to demonstrate serious error or prejudice. The trial court had within its discretion the ability to sentence the appellant in accordance with R.C. 2929.15(B). Perez cannot demonstrate how a different "line of questioning" would have changed the court's decision. Accordingly, the appellant's third assignment of error is overruled.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Defiance County is AFFIRMED.
Judgment Affirmed.
SHAW, P.J. and HADLEY, J., concur.